THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY T. DEVER, Defendant-Appellant.

(No. 73-149; 

Second District—March 11, 1975.

John D. Kightlinger, of Arlington Heights, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Following a bench trial the defendant was found guilty of driving a motor vehicle while under the influence of intoxicating liquor and was fined $100 and costs. He contends that he was not proven guilty beyond a reasonable doubt.

On the evening of June 11, 1972, at an intersection controlled by traffic lights, defendant drove his automobile into the left front portion of a horse trailer being pulled by a pickup truck driven by Everett M. Cox. Defendant had approached the intersection from the north and Cox from the east, and Cox was in the process of making a left turn when the accident occurred.

The defendant testified that he had journeyed, unaccompanied, from his home in Rockford to nearby South Beloit to take advantage of cheaper gas prices and on his return had stopped at South Beloit American Legion Post where he was a member. He said he went to the bar and had a couple of martinis and visited with friends for 30 to 45 minutes before proceeding home. It was on his trip home that the accident happened, and the versions of that occurrence vary. The only ones testifying as to the facts of the accident were the defendant and Cox. Defendant related that he apparently ran the red light and the first thing he noticed was the trailer in front of him. He said he then slammed on his brakes and his car came to an abrupt stop, causing his face to hit the steering wheel but preventing a hard impact between his car and the trailer. The defendant's memory of all subsequent events of the day is quite hazy. Cox testified that the light was green as he approached the intersection, but that he nevertheless slowed down because he saw defendant's car approaching from the left and feared it was not going to stop. Defendant's car did stop when it was halfway into the intersection and it was only then that Cox entered the intersection and started his left turn. Cox further testified that after his pickup truck had passed in front of defendant's car and just as the horse trailer was directly in front of the defendant, defendant started up and ran into the side of the trailer, hitting a portion about 5 feet back from the front and bending the fender into the tire. The trailer was a four-wheeler, carrying two horses and was red in color. After the impact, Cox alighted from his vehicle and went over to defendant and addressed some remarks and questions to him concerning the reason for the mishap. Defendant remained in his car and made no response to Cox's statements. Cox testified that in his opinion,

based upon his observation of defendant's manner and actions, the defendant was intoxicated. According to Cox, defendant then backed his car about 30 feet and went forward as though he was going to hit the trailer again, but stopped short of it a few feet. Defendant continued to drive his car back and forth in that manner for some time and even while Cox was directing the traffic that had backed up due to the accident. Cox moved his vehicles to the side of the road and defendant left the scene and drove home without leaving his name or any information. The police, called by a passenger in Cox's vehicle, made an investigation which resulted in discovering defendant's name and address. The officers went to defendant's home and questioned him about the accident. This was 45 minutes after the occurrence. An officer testified that at that time, defendant's breath smelled strongly of alcohol, his speech was hesitant and hard to understand, and he was talking thick-tongued and rambling. Defendant seemed to have trouble even identifying himself and when asked if he had been involved in an accident he replied he didn't know; he didn't think so. They asked him to accompany them to the sheriff's office, and they had to help him out of the chair after he made several unsuccessful attempts to get up. It was the officer's opinion that the defendant was then extremely intoxicated. Defendant was then taken to the sheriff's office and given a breathalizer test and the result of the test, given 1½ hours after the accident, was .32.

The defendant said that when he got home after the accident he entered his split-level house at a lower level, unknown to his mother who was the only other occupant of the house at the time. He claims he then consumed four martinis within a few minutes and went back out to inspect the damage to his car. He said he re-entered the house at the upper level and this time was met by his mother who helped him in and the police arrived a few minutes later. Defendant's mother was not, of course, able to corroborate defendant's testimony of drinking after arriving home.

The evidence that defendant had been drinking immediately prior to the accident, the manner of his driving that caused the accident, Cox's opinion that defendant was intoxicated at the time of the accident, defendant's actions and manner of driving immediately after the accident, the testimony of the officer as to the extreme state of intoxication 45 minutes after the accident and the breathalizer test result of .32 are sufficient to show defendant's guilt of driving under the influence of intoxicating liquor beyond a reasonable doubt. It is true, as defendant contends, that Cox was not an experienced judge of intoxication and had a somewhat limited opportunity to view defendant because he remained

in his car and said nothing; nevertheless, his opinion together with the corroborative evidence entitled the trier of the fact to find guilt beyond a reasonable doubt.

The defendant contends that his testimony that he had four martinis at home during the 45 minutes between the accident and the arrival of the police at his home cannot be disregarded and raises a reasonable doubt as to his intoxication at the time he was driving, and on this point defendant relies on *People v. Wells,* 103 Ill.App.2d 128, 243 N.E.2d 427, *People v. Miller,* 23 Ill.App.2d 352, 163 N.E.2d 206, and *People v. Williams,* 3 Ill.App.3d 1036, 279 N.E.2d 735. These cases are to be distinguished factually from the one at hand. In the *Wells* case there was no evidence of defendant's drinking before the accident and no evidence of defendant being intoxicated while driving or while at the scene of the accident. The only evidence as to intoxication came from the police officer who arrived after the accident and traced defendant to his home where he found him sitting at a table with an open bottle and a glass of whiskey in front of him. Defendant was arrested and taken to the police station and the officer testified that at that time, over 2 hours after the accident, it was his opinion that defendant was unfit to drive. Defendant testified that he had no drinks prior to the accident and a friend who had been with him until 2½ hours before the accident said that defendant had nothing to drink when he was with him. In the *Miller* case the defendant said that he had consumed two beers before the accident but there was no evidence of intoxication at the time of his driving. The driver of the other car involved in the accident did not testify. The only evidence of intoxication was from an officer who arrived after the accident, and, according to the defendant's testimony, this was after defendant had a beer and double shot of whiskey in a nearby tavern while awaiting the police. In that case the testimony of drinking after the accident was substantiated by a witness who further testified that at that time the defendant, in his opinion, was sober. In the *Williams* case the only evidence that the defendant was intoxicated at the time he was driving was his own statement that he had had one highball.

The defendant would attribute his unusual actions and manner after the accident to his face hitting the steering wheel at the time he applied his brakes. The cause and extent of any injury received by the defendant that day is the subject of disputed testimony. Cox noticed no injury of any kind to defendant's face as he viewed him immediately after the accident. The officer who saw defendant at his home 45 minutes later described the injury as an abrasion or bruise, very minimal, and defendant at that time was not aware of the bruise until the officer called his attention to it. Defendant did suffer severe facial injuries at the

sheriff's office when he fell to the floor while leaning against the wall, and as he followed the wall down, his face struck the ledge along the top of the marble portion of the wall. Those injuries and the extremely high result of the breathalizer test required defendant's hospitalization.

■■ In a bench trial, it is the responsibility of the trial judge to determine the credibility of the witnesses and the weight to be given their testimony and, unless the evidence is so unsatisfactory as to raise a reasonable doubt as to the defendant's guilt, the findings of the trial court will not be disturbed. (*People v. Simental,* 21 Ill.App.3d 794, 315 N.E.2d 903; *People v. Johnson,* 22 Ill.App.3d 821, 317 N.E.2d 581.) It is not our purpose to substitute our judgment for that of the trial court who has had the opportunity to hear the testimony and observe the witnesses. The evidence in this case was not so unsatisfactory as to raise reasonable doubt as to the trial court's finding of guilty, and, therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.