THE STATE EX REL. SCRUGGS, APPELLANT,

*v.* SADLER, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Scruggs v. Sadler,*
102 Ohio St.3d 160, 2004-Ohio-2054.]

(No. 2003–2087—Submitted April 14, 2004—Decided May 12, 2004.)

**Per Curiam.**

{¶ 1} In April 2001, appellant, Leo Scruggs, filed a complaint in the court of appeals. In his complaint as subsequently amended, Scruggs requested a writ of mandamus to compel appellees, Franklin County Court of Common Pleas Judge Lisa L. Sadler and Franklin County Municipal Court Judge Michael T. Brandt, to comply with Crim.R. 41(D) by providing copies of certain records, including the search warrant and inventory list of a November 12, 1998 search and seizure at 1973 Denune Avenue in Columbus, Ohio.

{¶ 2} On March 19, 2002, the court of appeals granted Judge Sadler's motion to dismiss her as a respondent, denied Judge Brandt's motion for judgment on the pleadings, and returned the cause to the court magistrate for further proceedings. On appeal, because not all of the claims had been adjudicated, we dismissed the appeal for lack of a final appealable order. *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101.

{¶ 3} In December 2002, Judge Brandt moved for summary judgment. Attached to the motion were certified copies of all records on file in the clerks' offices of the municipal and common pleas courts concerning the November 12, 1998 search and seizure at 1973 Denune Avenue. On January 17, 2003, the magistrate recommended that the court of appeals grant Judge Brandt's motion and deny the writ. The magistrate reasoned, "Because the documents requested in the complaint are now in relator's possession, and there is no evidence to suggest that other documents exist as requested in the complaint, there can be no legal duty to produce further documents, and a writ of mandamus cannot be

issued." Although he objected to the magistrate's decision, Scruggs admitted that he had "no objection to the dismissal of Judge Brandt and the action being declared resolved" and that his "request was made and fulfilled."

{¶ 4} On November 6, 2003, the court of appeals granted Judge Brandt's motion for summary judgment and denied the writ.

{¶ 5} We affirm the judgment of the court of appeals. " 'Mandamus does not lie to compel an act that has already been performed.' " *State ex rel. Chapnick v. E. Cleveland City School Dist. Bd. of Edn.* (2001), 93 Ohio St.3d 449, 451, 755 N.E.2d 883, quoting *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223. Judge Brandt's proffer of the requested records rendered Scruggs's mandamus claim moot. See, e.g., *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis,* 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8 ("In general, the provision of requested records to a relator in a public-records mandamus case renders the mandamus claim moot").

{¶ 6} Moreover, Scruggs waived new claims that he raises on appeal by failing to plead them in his original or amended petition. See, e.g., *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 32.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

––––––––––

Leo E. Scruggs, pro se.

Richard C. Pfeiffer, Columbus City Attorney, Stephen L. McIntosh, City Prosecutor, and Keith S. Mesirow, Assistant City Attorney, for appellee Judge Brandt.