Raymond A. Twyford, pro se.

THE STATE EX REL. MADSEN, APPELLANT, v. FOLEY JONES, JUDGE, APPELLEE.

[Cite as *State ex rel. Madsen v. Foley Jones,*
106 Ohio St.3d 178, 2005-Ohio-4381.]

(No. 2005–0314—Submitted July 26, 2005—Decided September 7, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of mandamus to compel a judge to conduct an evidentiary hearing on a petition for postconviction relief. We affirm.

{¶ 2} Appellant, Joshua Madsen, was convicted of kidnapping and six counts of rape and was sentenced to prison. On appeal, the convictions and sentence were affirmed. *State v. Madsen,* Cuyahoga App. No. 82399, 2003-Ohio-5822, 2003 WL 22457002.

{¶ 3} On September 5, 2003, Madsen filed a petition for postconviction relief in the Cuyahoga County Court of Common Pleas. On September 13, 2004, Madsen filed a petition in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, Judge Peggy Foley Jones of the common pleas court, to conduct an evidentiary hearing on Madsen's petition for postconviction relief. In October 2004, Judge Foley Jones issued findings of fact and conclusions of law summarily denying Madsen's petition without an evidentiary hearing.

{¶ 4} On January 12, 2005, the court of appeals dismissed Madsen's mandamus petition.

{¶ 5} In his appeal as of right, Madsen contends that the court of appeals erred in dismissing his mandamus petition because under Crim.R. 35(C), Judge Foley Jones lacked jurisdiction to summarily deny his postconviction-relief petition after 180 days had passed since he had filed the petition. Crim.R. 35(C) provides:

{¶ 6} "The trial court shall file its ruling upon a petition for post-conviction relief, including findings of fact and conclusions of law if required by law, not later than one hundred eighty days after the petition is filed."

{¶ 7} For the following reasons, Madsen's mandamus claim lacks merit.

{¶ 8} First, Crim.R. 35(C) does not specify a jurisdictional requirement. " 'As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially when the statute fixes the time simply for convenience or orderly procedure.' " *State ex rel. Ragozine v. Shaker*, 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192, ¶ 13, quoting *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 32 O.O. 542, 66 N.E.2d 531, paragraph three of the syllabus. Crim.R. 35(C) " 'does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.' " *State v. Bellman* (1999), 86 Ohio St.3d 208, 210, 714 N.E.2d 381 (time requirement for sexual-predator hearing is not jurisdictional), quoting *In re Davis* (1999), 84 Ohio St.3d 520, 522, 705 N.E.2d 1219 (time requirement for juvenile court's disposition order is directory); see, also, *Ragozine*, 96 Ohio St.3d 201, 2002-Ohio-3992, 772 N.E.2d 1192 (time requirement to conduct hearing on complaint to remove school board member is directory).

{¶ 9} Madsen cites no persuasive authority to the contrary. In fact, we have held that when a trial court fails to rule on a petition for postconviction relief within 180 days of its filing, a writ of procedendo may be appropriate to compel the trial court to rule. *State ex rel. Bunting v. Haas*, 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359, ¶ 9. Implicit in our holding in *Bunting* is that the trial court retains jurisdiction to rule on the petition even if the Crim.R. 35(C) time period has elapsed.

{¶ 10} Second, regarding Madsen's claimed entitlement to an evidentiary hearing on his petition for postconviction relief, courts are not required to hold a hearing in every postconviction case. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899; *State ex rel. Jackson v. McMonagle* (1993), 67 Ohio St.3d 450, 451, 619 N.E.2d 1017; R.C. 2953.21(C).

{¶ 11} Finally, insofar as Madsen's claim could be construed as a request that Judge Foley Jones issue findings of fact and conclusions of law, the findings and conclusions have now been issued. Mandamus will not issue to compel an act that has already been performed. *State ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 5.

{¶ 12} Based on the foregoing, the court of appeals correctly dismissed Madsen's mandamus petition. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Joshua Madsen, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellee.