OPINION *Page 2 
{¶ 1} This matter came before the Court upon Respondent's Motion for Summary Judgment, Relator's Memorandum in Opposition, and Respondent's Reply. The Respondent argues Summary Judgment should be granted for two reasons. First, Respondent avers that Relator voluntarily retired from his position as police chief and, therefore, Relator would not be entitled to be reinstated into his previous position for wrongful termination by the City. Second, Respondent maintains that Relator failed to exhaust his administrative remedies of appeal; therefore, he is not able to pursue a writ of mandamus because he had an adequate remedy at law.
 {¶ 2} In response, Relator suggests that his acceptance of retirement funds was due to the fact that he was forced out, was in dire need of medical insurance for his wife and had no alternative source of income. Further, Relator argues the administrative remedy suggested by Respondent was inapplicable to him because he was not supplied with a removal letter which is a prerequisite to an administrative appeal under R.C. 124.34.
 {¶ 3} Respondent asserts Relator could have pursued an appeal even without a removal letter. Relator acknowledges Respondent's position would be correct if Relator were considered to be in "state service"; however, the fact that Relator is a city employee leaves him no adequate remedy at law without having been served with a removal letter.
 I. SUMMARY JUDGMENT STANDARD {¶ 4} In State ex rel. Sautter v. Hon. Lawrence Grey, 2007 WL 1151878, *5 (Ohio App. 5 Dist.), we noted, *Page 3 
 {¶ 5} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
 {¶ 6} In order to be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel. Harris v.Rhodes (1978), 5 Ohio St.2d 41, 324 N.E.2d 641, citing State ex rel.National City Bank v. Bd. of Education (1977), 520 Ohio St.2d 81,369 N.E.2d 1200."
 II. EXHAUSTION OF ADMINISTRATIVE REMEDIES {¶ 7} R.C. 124.34(C) provides,
 {¶ 8} (C) In the case of the suspension for any period of time, or a fine, demotion, or removal, of a chief of police, a chief of a fire department, or any member of the police or fire department of a city or civil service township, who is in the classified civil service, the appointing authority shall furnish the chief or member with a copy of the order of suspension, fine, demotion, or removal, which order shall state the reasons for the action. The order shall be filed with the municipal or civil service township civil service commission. Within ten days following the filing of the order, the chief or member may file an appeal, in writing, with the commission. If an appeal is filed, the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, the *Page 4 
appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority. An appeal on questions of law and fact may be had from the decision of the commission to the court of common pleas in the county in which the city or civil service township is situated. The appeal shall be taken within thirty days from the finding of the commission.
 {¶ 9} Respondent maintains that no order would be necessary because the chief was not suspended, fined, demoted or removed. Rather, he retired. Relator suggests he did not retire, but he was removed. We find that a disagreement as to whether Relator retired or was removed, which results in Relator not having his job, is the equivalent to a removal for purpose of R.C. 124.34. See Triplett v. Ohio Dept. of Rehabilitationand Correction, 1999 WL 1054827, (Ohio App. 10 Dist.).
 {¶ 10} Relator makes the argument that an order of removal may be or may have been a prerequisite to an administrative appeal under R.C.124.34 when that appeal is to a local Civil Service Commission rather than to the State Personnel Board of Review. Even if Relator is correct on that point of law, which we find unnecessary to determine at this point, we disagree with Relator that he has no adequate remedy at law just because no order of removal was or is in existence.
 {¶ 11} R.C. 124.34 clearly provides an administrative remedy for civil service employees who have been removed. Relator's requested relief is reinstatement which is not an appropriate remedy by way of mandamus when the local Civil Service Commission can provide or could have provided the requested relief. Relator has or had an adequate remedy at law; therefore, the motion for summary judgment is granted. *Page 5 
 {¶ 12} MOTION FOR SUMMARY JUDGMENT GRANTED.
 {¶ 13} WRIT DENIED.
 Edwards, J., Gwin, P. J., and Farmer, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby denied. Costs taxed to Relator. *Page 1