OPINION *Page 2 
{¶ 1} On November 5, 2007, Relator filed a petition requesting the issuance of a writ of mandamus to compel the trial court to rule on a motion for post-conviction relief filed with the court. Relator avers he is entitled to ruling on the motion for post-conviction relief. Respondent has filed a Motion to Dismiss the petition claiming the issue has become moot. Respondent asserts Relator's motion for post-conviction relief was ruled upon on November 16, 2007, therefore, a writ cannot issue to order an act to be done which has already been completed.
 {¶ 2} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 3} As the State points out in its Motion to Dismiss, the Supreme Court has addressed the issue of the appropriateness of mandamus where a trial court has failed to issue a ruling on a motion for post-conviction relief within 180 days, "[W]e have held that when a trial court fails to rule on a petition for post-conviction relief within 180 days of its filing, a writ of procedendo may be appropriate to compel the trial court to rule. State ex rel. Bunting v. Haas, 102 Ohio St.3d 161,2004-Ohio-2055, 807 N.E.2d 359, ¶ 9. Implicit in our holding inBunting is that the trial court retains jurisdiction to rule on the *Page 3 
petition even if the Crim.R. 35(C) time period has elapsed." State ex rel. Madsen v. Jones (2005), 106 Ohio St.3d 178, *179, 833 N.E.2d 291, **292.
 {¶ 4} The Supreme Court also held in Madsen, "Mandamus will not issue to compel an act that has already been performed." State ex rel. Scruggsv. Sadler, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 5.State ex rel. Madsen v. Jones (2005), 106 Ohio St.3d 178, *179,833 N.E.2d 291, **292.
 {¶ 5} Because the relief sought has already been rendered by the trial court, Relator has no clear right to the relief prayed for and the Respondent has no clear legal duty to perform an act which it has already performed. We find the petition for writ of mandamus must be dismissed.
 {¶ 6} WRIT DISMISSED.
 Gwin, P.J. Hoffman, J. and Wise, J. concur *Page 4 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby dismissed. Costs taxed to Relator. *Page 1