OPINION *Page 2 
{¶ 1} Relator has filed a complaint requesting this Court issue a writ of mandamus compelling the Adult Parole Authority to grant credit to Relator for "productive participation in institutional programs pursuant to O.R.C. Section 2967.193." Respondent has filed a Motion for Judgment on the Pleadings suggesting it is not the proper party in this case.
 {¶ 2} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23, 26-27,661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978), 5 Ohio St.2d 41,324 N.E.2d 641, citing State ex rel. National City Bank v. Bd. ofEducation (1977), 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 3} Relator is serving a mandatory thirteen-year prison sentence for two counts of aggravated robbery. He is currently incarcerated and maintains he has productively participated in programs or activities which would entitle him to a reduction of his sentence. Relator argues it is the duty of the Respondent, Adult Parole Authority, to deduct days from his sentence for his productive participation in these programs and activities. We disagree.
 {¶ 4} R.C. 2967.193 requires the Department of Rehabilitation and Correction to deduct days from sentences of eligible inmates if they productively participate in certain programs and activities. Section (A) of R.C. 2967.193 reads in part, "At the end of each calendar month in which a prisoner productively participates in a program or activity *Page 3 
listed in this division, the Department of Rehabilitation and Correction shall deduct one day from the date on which the prisoner's state prison term will expire." This statute places the obligation on the Department of Rehabilitation and Correction to comply R.C. 2967.193. We will now consider the relationship between the Department of Rehabilitation and Correction and the Adult Parole Authority.
 {¶ 5} The Adult Parole Authority is a bureau of the Division of Parole and Community Services of the Department of Rehabilitation and Correction pursuant to R.C. 5149.02. This statute establishes the existence of the Adult Parole Authority providing, "There is hereby created in the Division of Parole and Community Services of the Department of Rehabilitation and Correction at bureau level an Adult Parole Authority." Further, the statute describes the Adult Parole Authority as an "administrative unit" of the Department of Rehabilitation and Correction. Having reviewed the relationship between the Department of Rehabilitation and Correction and Adult Parole Authority, we conclude, R.C. 2967.193 places the duty to deduct days from eligible sentences upon the Department of Rehabilitation and Correction and not on the Adult Parole Authority.
 {¶ 6} We have considered the implication of R.C. 2967.02 which states, "The Adult Parole Authority created by Section 5149.02 of the Revised Code shall administer sections 2967.01 to 2967.28 of the Revised Code, and other sections of the Revised Code governing pardon, community control sanctions, post-release control, and parole." Despite the Adult Parole Authority's role to administer the statute at issue, we find the *Page 4 
ultimate duty[1] is placed upon the Department of Rehabilitation and Correction pursuant to R.C. 2967.193 to fulfill the mandate of this statute.
 {¶ 7} Relator has failed to name a proper party to this action, therefore, the writ will not issue. A writ will not issue against an improper party. State ex rel. Isom v. Ohio Adult Parole Authority,2002 WL 31243517, *2 (Ohio App. 7 Dist.). Relator has not shown the Adult Parole Authority has a clear legal duty to perform the requested act.
 {¶ 8} WRIT DENIED.
 Hoffman, P.J. Gwin, J. and Edwards, J. concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby denied. Costs taxed to Relator.
[1] We do not intend to suggest there exists a clear legal duty on the part of the Department of Rehabilitation and Correction to deduct days from Relator's sentence. Because the statute grants discretion to the DRC to determine whether a prisoner "productively participates" in eligible programs, there appears to be no clear legal duty which would justify the issuance of a writ of mandamus even if Relator filed a petition naming a proper party. A permissive act is not one can be compelled by the issuance of a writ of mandamus. See State ex rel. Woodsv. Oak Hill Community Med. Ctr. (2001), 91 Ohio St.3d 459,746 N.E.2d 1108. *Page 1