OPINION
{¶ 1} This matter came before the Court upon a "Complaint for Declaratory Judgment: Complaint for Injunction; Relief: Complaint for Mandamus: and Complaint" filed by Relator John Jamison. Respondents have filed responses to the Complaint.
 {¶ 2} Relator has a pending direct appeal before this Court which was set for oral argument on November 20, 2007. The oral argument was continued because of an ongoing investigation involving the officer who arrested Relator. The State arranged for Relator to take a polygraph examination, however, the Relator decided not to take the examination. The oral argument in the appeal has been rescheduled for April 15, 2008.
 {¶ 3} This Court lacks subject matter jurisdiction over Relator's "Complaint for Declaratory Judgment: Complaint for Injunction." Those portions of Relator's complaint relative to declaratory judgment and injunction are sua sponte dismissed for lack of subject matter jurisdiction. Courts of appeals lack original jurisdiction over claims for declaratory judgment. State ex rel. Abner v. Elliott (1999),85 Ohio St.3d 11, 18, 706 N.E.2d 765, 771. Further, a court of appeals lacks original jurisdiction over prohibitory injunctions. State ex rel. OhioCiv. Serv. Employees Assn., AFSCME, Local 11, AFL-CIO v. StateEmp., 104 Ohio St.3d 122, 818 N.E.2d 688.
 {¶ 4} Relator essentially has three branches of requested relief: (1) to be released from incarceration; (2) to prohibit the polygraph examination; and, (3) to have the oral argument on his appeal proceed.
 {¶ 5} With regard to release from imprisonment, a writ of mandamus is not a substitute for a writ of habeas corpus[1] . The Supreme Court has held, "[H]abeas corpus, *Page 3 
rather than mandamus, is the proper action through which to seek release from prison or other physical confinement." State ex rel. Boradenv.Hendon, 96 Ohio St.3d 64, 2002-Ohio-3525 at ¶ 7.
 {¶ 6} As the Court in Dewey v. State, 2007 WL 313935 (Ohio App. 11 Dist.) noted, "The Supreme Court has further stated that since there are specific statutory requirements a prisoner must satisfy to set forth a viable claim in habeas corpus, a mandamus cause of action cannot be viewed as a proper substitute for that claim; i.e., a prisoner is not allowed to circumvent the requirements for a writ of habeas corpus by requesting a writ of mandamus. State ex rel. Johnson v. Ohio ParoleBd. (1997), 80 Ohio St.3d 140.
 {¶ 7} One of the basic requirements for a proper habeas corpus proceeding is that, regardless of where the prisoner was convicted, the case can only proceed in the county where he is actually incarcerated. See R.C. 2725.03. The courts of this state have concluded that this particular requirement is jurisdictional in nature; in other words, a court does not have the authority to order the release of a prisoner unless the prison lies within its territorial jurisdiction. See,Bridges v. McMackin (1989), 44 Ohio St.3d 135; McAllister v. Ohio AdultParole Auth., 7th Dist. No. 06 HA 583, 2006-Ohio-3697." Id. at *1.
 {¶ 8} In the instant case, Relator is being housed at the Noble Correctional Institution which is located in Noble County, Ohio. Relator has filed this Complaint in Muskingum County; therefore, this Court lacks jurisdiction to address a habeas corpus complaint filed by Relator.
 {¶ 9} We now turn to the issue of the polygraph examination. To be entitled to the issuance of a writ of mandamus, Relator must demonstrate: (1) a clear legal right to *Page 4 
the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v.Cleveland (1996), 75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel.Harris v. Rhodes (1978), 5 Ohio St.2d 41, 324 N.E.2d 641, citingState ex rel. National City Bank v. Bd. of Education (1977)520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 10} Relator has failed to demonstrate Respondents have a clear legal duty to refrain from offering a polygraph examination. Nor has Relator demonstrated he has a clear legal right to be insulated from such an offer. Respondents simply made an offer to which Relator was free to reject and appears, in fact, to have rejected the offer. The Complaint filed fails to state any facts which would support the issuance of the extraordinary writ of mandamus as it relates to the issue of the polygraph.
 {¶ 11} Finally, the Court has already rescheduled the direct appeal for oral argument. Mandamus will not issue to order an act which has already been done. The Supreme Court also held in Madsen, "Mandamus will not issue to compel an act that has already been performed." State exrel. Scruggs v. Sadler, 102 Ohio St.3d 160, 2004-Ohio-2054,807 N.E.2d 357, ¶ 5. State ex rel. Madsen v. Jones (2005), 106 Ohio St.3d 178, *179, 833 N.E.2d 291, **292. *Page 5 
 {¶ 12} For these reasons, the Court dismisses the Complaint for Writ of Mandamus filed by Relator.
By: Hoffman, P.J., Farmer, J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Writ of Mandamus filed by Relator is hereby dismissed. COSTS TAXED TO RELATOR.
[1] Although we have not been presented with a complaint for writ of habeas corpus, we do not believe the facts of this case as presented in this complaint would warrant the issuance of such a writ. Relator is committed to the state penal institution pursuant to a jury verdict and sentence wherein any defect can be addressed by an adequate remedy at law via direct appeal. *Page 1