OPINION *Page 2 
{¶ 1} Relator, Shawn O'Neal has filed a Petition for Writ of Mandamus and/or Writ of Procedendo. Relator requests Respondent Judge Mark Fleegle be ordered to rule on a motion filed by Relator on April 2, 2008, and supplemented by Relator on April 25, 2008. Respondent Fleegle ruled upon the April 2, 2008, by way of a judgment entry dated August 29, 2008.
 {¶ 2} To be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978),5 Ohio St.2d 41, 324 N.E.2d 641, citing State ex rel. National City Bank v. Bd.of Education (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 3} The Supreme Court held in Madsen, "Mandamus will not issue to compel an act that has already been performed." State ex rel. Scruggs v.Sadler, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 5.State ex rel. Madsen v. Jones (2005), 106 Ohio St.3d 178, *179,833 N.E.2d 291, **292.
 {¶ 4} Because the relief sought has already been rendered by the trial court, Relator has no clear right to the relief prayed for, and the Respondent has no clear legal duty to perform an act which it has already performed. State ex rel. Lewis v. Boggins, 2007 WL 4395630 (Ohio App. 5 Dist.). Therefore, we find the Petition for Writ of Mandamus must be denied. *Page 3 
 {¶ 5} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." Miley, supra, at 65, citing State ex rel. Sherrills v. Cuyahoga Cty. Court of CommonPleas (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." State ex rel. Davey v. Owen, 133 Ohio St. 96, *106, 12 N.E.2d 144, * *149 (1937).
 {¶ 6} Because Respondent Fleegle has issued a ruling on Appellant's motion, the request for a Writ of Procedendo has become moot. No issue remains upon which Respondent Fleegle is required to proceed, therefore, the petition for the issuance of a Writ of Procedendo is denied.
 {¶ 7} WRIT DENIED.
 {¶ 8} COSTS TO RELATOR.
 Gwin, J. Hoffman, P.J. and Farmer, J. concur. *Page 4 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus and/or Writ of Procedendo is hereby denied. Costs taxed to Relator. *Page 1