OPINION *Page 2 
{¶ 1} A Complaint for Writ of Mandamus is before the Court requesting this Court order Respondents turn over operation of the countywide public safety communications to the Relator, Sheriff Walter L. Davis, III[1]. Respondents, Delaware County Commissioners, in turn also filed a mandamus action requesting the issuance of a writ of mandamus ordering Respondents to be the sole operator of the public safety communications system.
 {¶ 2} To be entitled to the issuance of a writ of mandamus, the relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978),5 Ohio St.2d 41, 324 N.E.2d 641, citing State ex rel. National City Bank v. Bd.of Education (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 3} Both parties claim they have the right to operate the County's Countywide Public Safety Communications System (hereinafter referred to as "CWPSCS") pursuant to Ohio Revised Code § 307.63.
 {¶ 4} R.C. 307.63 became effective March 15, 1993. Prior to the enactment of this section, the parties agree Respondents provided 911 dispatching services in Delaware County.
 {¶ 5} R.C. 307.63(B)(1) provides, *Page 3 
 {¶ 6} "(B) A board of county commissioners may establish a countywide public safety communications system. The system shall be operated in accordance with division (B)(1), (2), or (3) of this section.
 {¶ 7} "In any county with a population of less than seven hundred fifty thousand, the county sheriff shall operate the countywide public safety communications system unless, before commencing operation of the system, the sheriff gives written notice to the board of county commissioners that he chooses not to do so. After the board of county commissioners receives such written notice from the sheriff, the board shall operate the system. Once the sheriff gives notice that he chooses not to operate the system, neither he nor any person occupying the office of county sheriff in the future may choose to operate the system at a later date, except as provided in division (B)(3) of this section."
 {¶ 8} The parties stipulate the population of Delaware County is less than seven hundred fifty thousand. Further, the parties agree the sheriff has not given notice indicating he did not choose to operate the CWPSCS. This section clearly grants authority to the sheriff to operate the CWPSCS unless he gives notice of his decision to not operate the system. However, R.C. 307.63(F) contains an exception to the authority granted to a sheriff.
 {¶ 9} R.C. 307.63(F) contains the following exceptions,
 {¶ 10} "(F) The authority granted to a county sheriff under division (B) of this section to operate a countywide public safety communications system does not apply in any county where, on and before the effective date of this section, the board of county commissioners is providing public safety communications facilities to, or coordinating *Page 4 
the public safety communications needs of, municipal corporations, townships, or other entities or officials by means of officials or with employees not under the direct supervision of the county sheriff. However, if such a board of county commissioners and the county sheriff mutually agree that the sheriff will operate a countywide public safety communications system, he may operate it."
 {¶ 11} The exception applies if prior to March 15, 1993, the county commissioners (A) provided public safety communications facilities to municipal corporations, townships, or other entities or officials by means of officials or with employees not under the direct supervision of the county sheriff or (B) coordinated the public safety communications needs of, municipal corporations, townships, or other entities or officials by means of officials or with employees not under the direct supervision of the county sheriff.
 {¶ 12} The joint stipulation of facts submitted to the Court by the parties reveals Respondents provided the Delaware County Center as the service facility for the County E911 system prior to March 15, 1993. It is also undisputed the Center was staffed by personnel hired by and under the control of Respondents. Additionally, the parties agree several townships within Delaware County utilized the services provided by Respondents.
 {¶ 13} The statute does not provide a definition for "communications facilities." The Supreme Court has held, "It is well settled that in the absence of any definition of the intended meaning of words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the *Page 5 
connection in which they are used." Baker v. Powhatan Min. Co. (1946),146 Ohio St. 600, 67 N.E.2d 7141.
 {¶ 14} The parties have stipulated that the County E911 system "could receive and answer 9-1-1 emergency telephone calls made within Delaware County, and allowed dispatchers working at the County Center to communicate with appropriate public emergency agencies concerning the details of such 9-1-1 emergency telephone calls through a radio network. . ." We find the Delaware County Center is a communications facility based upon the parties stipulation the center was used to operate the E911 system.
 {¶ 15} Because the first option of the exception applies, the Sheriff is not granted authority to operate the CWPSCS absent an agreement with the commissioners which would permit the Sheriff to operate the system. Relator's lack of authority to operate the system necessarily means Relator cannot demonstrate and has not demonstrated a clear legal right to the relief requested.
 {¶ 16} Relator suggests the system operated by Respondents prior to the enactment of R.C. 307.63 does not qualify as a CWPSCS, however, even if this argument is true, the exception found in R.C. 307.63(F) does not require the commissioners to have operated a CWPSCS. Rather, all the exception requires is for the commissioners to have (A) provided safety communications facilities staffed by non-sheriff employees or (B) coordinated public safety needs of municipal corporations, townships, or other entities or officials with non-sheriff employees. The exception does not hinge on a particular quantity of service or quality of service. *Page 6 
 {¶ 17} Having failed to demonstrate the required elements for the writ to issue, the Court denies Relator's request for the issuance of a writ of mandamus.
 {¶ 18} We now turn to Respondents' counterclaim wherein Respondents likewise request a writ issue. Respondents are already operating the CWPSCS. Although Respondents have a clear legal right to operate the system, Respondents have not demonstrated a corresponding legal duty on the part of Relator. Respondents suggest Relator has interfered with Respondents' operation of the system, however, Respondents have offered no evidence in support of this contention. Respondents have failed to establish the necessary elements to justify the issuance of the extraordinary writ of mandamus. Therefore, Respondents' request for the issuance of a writ of mandamus is also denied.
 {¶ 19} WRITS DENIED.
 {¶ 20} COMPLAINTS DISMISSED.
 {¶ 21} IT IS SO ORDERED.
 Wise, J., Farmer, P. J., and Hoffman, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the requested Writs are denied.
IT IS SO ORDERED.
COSTS TO BE SHARED EQUALLY BY THE PARTIES
[1] The complaint was originally brought by Sheriff Al Myers. When Sheriff Myers retired, Sheriff Davis requested he be substituted as the Relator in this case. *Page 1