OPINION *Page 2 
{¶ 1} Relator, Joe Z. Pressley, Jr., has filed a "Petition for the Great Writ of Mandamus." Respondent has not filed a response to the Petition.
 {¶ 2} In Muskingum County Case Number CT2007-0044, Respondent pursued an appeal with this Court which we dismissed for lack of a final, appealable order because the trial court had not yet issued findings of fact and conclusions of law. See State v. Pressley, 2008 WL 2571791
(Ohio App. 5 Dist.). On June 25, 2008, Respondent filed a motion with the trial court requesting findings of fact and conclusions of law which remained pending at the time the instant Petition was filed. Relator's Petition requests Respondent be ordered to provide Relator with findings of fact and conclusions of law. Respondent issued the requested findings of fact and conclusions of law by journal entry dated February 17, 2009.
 {¶ 3} R.C. 2731.04 provides, "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The failure to properly caption the complaint is grounds for dismissal. Thorne v. State, 8th Dist., 2004-Ohio-6288; Maloney v. Court of Common Pleas ofAllen County (1962), 173 Ohio St. 226, 181 N.E.2d 270. Relator herein has not properly captioned his complaint nor has he verified it by affidavit.Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596,817 N.E.2d 382; Perotti v. Mahoning County Clerk, 7th Dist. No. 05-MA-202,2006-Ohio-673. See also, Selway v. Court of Common PleasStark County, 2007 WL 2482621, *1 (Ohio App. 5 Dist.). for this reason alone, we may dismiss this Petition. We will nonetheless address the merits of the Petition. *Page 3 
 {¶ 4} To be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978),5 Ohio St.2d 41, 324 N.E.2d 641, citing State ex rel. National City Bank v. Bd.of Education (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 5} The Supreme Court held in Madsen, "Mandamus will not issue to compel an act that has already been performed." State ex rel. Scruggs v.Sadler, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 5.State ex rel. Madsen v. Jones (2005), 106 Ohio St.3d 178, *179,833 N.E.2d 291, * *292. State ex rel. O'Neal v. Muskingum Ct.2008 WL 4616198, 1 (Ohio App. 5 Dist.).
 {¶ 6} Because Respondent has already performed the requested relief, the writ will not issue.
 {¶ 7} WRIT DENIED.
 {¶ 8} COSTS TO RELATOR. *Page 4 
 {¶ 9} IT IS SO ORDERED.
Hoffman, P.J., Wise, J., and Edwards, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Petition for Writ of Mandamus is denied. Costs to Relator. *Page 1