[Cite as *State ex rel. Royster v. Brown*, 2012-Ohio-2879.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO ex rel., SERGIO M. ROYSTER | JUDGES: Hon. Patricia A. Delaney, P. J. Hon. John W. Wise, J. |
| Relator | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2011 CA 00278 |
| HON. CHARLES E. BROWN, JR. | |
| Respondent | O P I N I O N |

CHARACTER OF PROCEEDING:     Petition for Writ of Mandamus

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     June 25, 2012

APPEARANCES:

For Relator

SERGIO M. ROYSTER, PRO SE
RICHLAND CORR. INSTITUTION
Post Office Box 8107
Mansfield, Ohio  44901-8107

For Respondent

JOHN D. FERRERO
STARK COUNTY PROSECUTOR
RENEE M. WATSON
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1} Relator, Sergio M. Royster, has filed a Petition for Writ of Mandamus requesting this Court issue a writ of mandamus requiring the trial court to resentence Relator. Relator believes he is entitled to a reduced sentence due to the enactment of H.B. 86. Respondent, Judge Charles Brown, has filed a motion to dismiss.

{¶2} To be entitled to the issuance of a writ of mandamus, Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; *State ex rel. Harris v. Rhodes* (1978), 5 Ohio St.2d 41, 324 N.E.2d 641, citing *State ex rel. National City Bank v. Bd. of Education (1977) 520 Ohio St.2d 81, 369* N.E.2d 1200.

{¶3} Relator was indicted in 2005 on one count of Tampering with Evidence and one count of Possession of Cocaine. He plead guilty to those charges and was sentenced to a period of community control. In 2007, Relator's community control was revoked, and Relator was sentenced to a term of imprisonment of 78 months.

{¶4} House Bill 86 was made effective beginning September 30, 2011. Contained within H.B. 86 at Section 4 is the specific legislative intent not to make the changes retroactive:

{¶5} "The amendments* * *apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable."

{¶6} R.C. 1.58(B) provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶7} Because Relator's sentence was already imposed prior to the effective date of H.B. 86, he is not entitled to have his sentence reduced. For this reason, Relator has no clear legal right to the requested relief.

{¶8} Further, we find Relator has or had an adequate remedy at law by way of appeal. Relator filed a motion in the trial court requesting that his sentence be reduced or modified. The trial court denied the motion from which Relator could have appealed. For example, we have already addressed the same issue raised by Relator via a direct appeal. See *State v. Fields* 2011 WL 5855008, 1 (Ohio App. 5 Dist.).

{¶9} For these reasons, we find Relator has failed to establish the necessary elements required for the issuance of a writ of mandamus. The instant cause is dismissed for failure to state a claim upon which relief may be granted.

By: Wise, J.
Delaney, P. J., and
Edwards, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0413

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO ex rel.,         :
SERGIO M. ROYSTER        :
                                 :
    Relator                 :
                                 :
-vs-                      :          JUDGMENT ENTRY
                                 :
HON. CHARLES E. BROWN, JR.    :
                               :
    Respondent       :          Case No. 2011 CA 00278

For the reasons stated in our accompanying Memorandum-Opinion, the writ of mandamus will not issue, and the instant cause is dismissed for failure to state a claim upon which relief may be granted.

Costs assessed to Relator.

_____

_____

_____

JUDGES