[Cite as *State v. Caputo*, 2015-Ohio-4829.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                           :        **O P I N I O N**

        Plaintiff-Appellee,          :

        - vs -                                :        **CASE NO. 2014-L-010**

JOHN L. CAPUTO, II,                   :

        Defendant-Appellant.        :


Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 12 CR 000361.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1}  Appellant, John L. Caputo, II, appeals the judgment of the Lake County Court of Common Pleas, sentencing him to eight years in prison after entering a plea of guilty.  For the reasons that follow, we affirm the judgment of the trial court.

{¶2}  From April 30, 2012, through May 19, 2012, appellant traveled to four banks, PNC Bank, Dollar Bank, and J.P. Morgan Chase Bank, on two occasions, with

the intent to steal monies from each location.  Appellant also engaged in other criminal activity during this time frame.

{¶3}  Appellant ultimately entered into a plea agreement and pled guilty to four counts of robbery, in violation of R.C. 2911.02(A)(3), felonies of the third degree, and one count of failure to comply with order or signal of police officer, in violation of R.C. 2921.331(B), a felony of the third degree.  Appellant waived a presentence report, and the court adopted a joint sentencing recommendation made by appellant and the state; appellant was sentenced for a total of eight years in prison.  Appellant did not file a timely notice of appeal.

{¶4}  Almost one year later, on October 28, 2013, appellant filed two separate motions: a motion "to vacate ab initio sentence that is contrary to law pursuant to R.C. 2941.25 and for lack of subject matter jurisdiction, instanter" and a motion to "withdraw plea for breach of plea agreement and manifest injustice, instanter (hearing required)." The trial court denied both motions.

{¶5}  Appellant appealed to this court and filed a motion for leave to file delayed appeal, instanter.  The state filed a response in opposition.  In our February 17, 2015 judgment entry, we granted appellant's motion for leave to file a delayed appeal with respect to the trial court's denial of appellant's post-sentence motion from October 2013, but not for his original judgment of sentencing.

{¶6}  Appellant asserts the following assignments of error:

[1.]  The trial court erred to the prejudice of the appellant by denying his motion without a hearing.

[2.]  The trial court erred to the prejudice of the appellant when it denied his post-sentence motion and failed to order specific performance of promises made as part of the plea bargain.

2

{¶7} On appeal, appellant stresses that he does not seek to withdraw his guilty plea or argue his sentence is contrary to law. Appellant does maintain, however, that he has been denied access to rehabilitation programs while incarcerated. He alleges the trial court erred in denying his post-sentence motion and failed to order specific performance of promises made as part of his plea bargain.

{¶8} A Crim.R. 32.1 motion to withdraw a guilty plea is addressed to the sound discretion of a trial court. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus.

{¶9} In his motion to withdraw his guilty plea, appellant argues that, while incarcerated, he has been denied the opportunity to participate in "pre-approved programming." Again, while appellant does note in his brief that he is neither seeking to withdraw his guilty plea nor arguing that his sentence was contrary to law, he argues that he was induced into signing the plea agreement under the belief that he could participate in the various programs offered at the prison that would "shave a little time off of his sentence." Noticeably absent from the transcript of appellant's sentencing hearing and the trial court's judgment entry, however, is any reference to appellant being *promised* he would be placed in any program while incarcerated. The court did notify appellant that, if eligible, he may receive earned credit, stating: "The Defendant is advised that under certain specifications specified in R.C. 2967.193, *if he is eligible*, he *may* be able to earn days of credit up to 8% of his prison term." (Emphasis added.) The record affirmatively demonstrates that appellant was not promised participation in any program while incarcerated.

3

{¶10} Additionally, we note that although appellant was notified of the possibility that he may be eligible for participation by the trial court at sentencing, the trial court is not responsible for compliance with R.C. 2967.193. R.C. 2967.193 places the administration of the credit program with the Department of Rehabilitation and Correction, not the trial court. *State ex rel. Nesbitt v. Ohio Adult Parole Authority*, 5th Dist. Richland No. 07-CA-88, 2008-Ohio-192, ¶6.

{¶11} Finding no merit in appellant's first and second assignments of error, we affirm the judgment of the Lake County Court of Common Pleas.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


_____


COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

I concur with the majority that the trial court is not responsible for providing appellant with possible earned credit under R.C. 2967.193. Appellant can pursue his remedy by filing a writ of mandamus, in the proper court, to compel the Department of Rehabilitation and Correction to allow him to participate in the program outlined in R.C. 2967.193.

4