[Cite as *State v. Dickerson*, 2025-Ohio-5125.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>LARRY RICHARD DICKERSON<br><br>    Defendant – Appellant | Case No. 25 CAA 07 0059<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Delaware County Court of Common Pleas, Case No.  17 CRI 06 0374<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: November 13, 2025 |

**BEFORE:**   WILLIAM B. HOFFMAN, P.J., ROBERT G. MONTGOMERY, J., KEVIN W. POPHAM, J.; Appellate Judges

**APPEARANCES:** KATHERYN L. MUNGER for Plaintiff-Appellee; LARRY R. DICKERSON, PRO SE, # 98423-71 for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant Larry Dickerson appeals the judgment of the Delaware County Court of Common Pleas denying his second "Motion to Dismiss, Quash, and/or Modify Detainer" on July 14, 2025.  Appellee is the State of Ohio.  For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}    In 2017, appellant pled guilty to three counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), each a felony of the third degree.  On January 8,

2018, the trial court sentenced appellant to five years of community control and ordered him to register as a Tier II sex offender.

{¶3} On May 28, 2020, appellee moved to suspend appellant's community control, alleging multiple violations, including appellant's attempt to solicit sex from an undercover officer posing as a fifteen-year-old female, which resulted in federal criminal charges. On January 5, 2021, at a community-control-violation hearing, appellant admitted the violations. The trial court revoked appellant's community control, and imposed a prison term of sixty months on each count, to be served concurrently. The trial court further informed appellant that a mandatory five-year term of post-release control applied pursuant to R.C. 2929.19(B) and R.C. 2967.28(B). Appellant did not appeal the January 5, 2021, judgment entry revoking his community control and imposing sentence.

{¶4} Appellant was subsequently convicted in federal court and sentenced to fifteen and one-half years in federal prison, to be served concurrently with his state prison term.

{¶5} On May 20, 2025, appellant filed his first "Motion to Dismiss, Quash, and/or Modify Detainer and/or Parole Term". Appellee filed a response in opposition. On June 26, 2025, the trial court denied appellant's motion.

{¶6} On July 9, 2025, appellant filed a second "Motion to Dismiss, Quash, and/or Modify Detainer and Parole Term". In this second motion, appellant explained that he was not challenging his sentence, or the imposition of the five years of post-release control, but instead he sought dismissal of the detainer because it allegedly prevented him from applying for federal prison programming. On July 11, 2025, appellee filed a response in opposition to appellant's second motion.

{¶7} On July 14, 2025, the trial court issued a judgment entry denying appellant's second motion - finding that the five-year post-release control term was mandatory and that the detainer issued by the Ohio Adult Parole Authority ("APA") was a direct consequence of that post-release control. Accordingly, the trial court concluded it lacked authority to grant the requested relief.

{¶8} Appellant appeals the July 14, 2025, judgment entry of the Delaware County Court of Common Pleas, and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN FAILING TO QUASH OR DISMISS THE DETAINTER ON GROUNDS THAT THE COURT LACKED THE LEGAL AUTHORITY TO GRANT SUCH RELIEF AS REQUESTED. THE ERROR IS REFLECTED IN THE JUDGMENT ENTRY OF JULY 14, 2025."

I.

{¶10} In his assignment of error, appellant contends the trial court committed error in denying his motion to quash and/or dismiss detainer. We disagree.

{¶11} Appellant maintains he is not contesting the sentence imposed by the court but instead seeks removal of the detainer, which he claims prevents him from accessing rehabilitative programming in federal prison. He asserts the detainer serves "no practical purpose" because he will not be released from federal custody before completing his state post-release control.

{¶12} A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *State v. Sanchez*, 2006-Ohio-4478, ¶ 19, quoting *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

A detainer "does not represent the basis upon which a prisoner is actually held in confinement." *Curtis v. United States*, 123 Fed.Appx. 179, 183 (6th Cir. 2005).

{¶13} Appellant alleges that the Delaware County Sheriff's Office issued a detainer to the Federal Bureau of Prisons ("BOP") on February 4, 2025. Appellee does not dispute that a detainer exists, but asserts it was issued by the APA. The APA is a bureau and "administrative unit" of the Division of Parole and Community Services of the Department of Rehabilitation and Correction ("ODRC"). R.C. 5149.02; *State ex rel. Nesbitt v. Ohio Adult Parole Auth.*, 2008-Ohio-192, ¶ 5 (5th Dist.).

{¶14} Appellant has not provided either the trial court or this Court any documents – whether from the APA, ODRC, the Delaware County Sheriff's Office, or the BOP – identifying the agency who issued the detainer or the date of issuance of the detainer. Further, appellant has not provided the trial court or this Court any documents or evidence from the BOP to support his assertion that he is currently being denied admittance into federal prison programs due to a state-issued detainer.

{¶15} A request to remove or cancel an ODRC-issued detainer is not properly brought by motion in the underlying criminal case. If the detainer was issued by the ODRC, its cancellation or revocation lies within the discretion of the APA chief or designee. Ohio Adm.Code 5120:1-1-31(D) states, "at any time after the filing of or issuance of a detainer against an offender, the chief of the adult parole authority, or designee, may, revoke and cancel such detainers, and take such other action as may be deemed appropriate." This Court has recognized that, "it is the department [ODRC] that has the authority to place a detainer," not the State of Ohio. *Richards v. State*, 2018-Ohio-924, ¶ 6 (5th Dist.). Further, appellant remains under ODRC supervision until the

ODRC has issued a certificate of final release. R.C. 2967.02; *State v. Bevington*, 2012-Ohio-6285, ¶ 21 (5th Dist.).

{¶16} The trial court properly concluded that it lacked the authority to grant appellant's requested relief. *State ex rel. Thomas v.* Ghee, 81 Ohio St.3d 191 (1998). There is no evidence in the record that appellant has attempted to contact the ODRC, or initiated legal proceedings in either state or federal court directly against either the ODRC (who allegedly issued the detainer) or the BOP (the federal agency allegedly preventing him from participating in certain federal prison programs).

{¶17} The cases cited by appellant in his brief are distinguishable from the instant case. *Smith v. Hooey*, 393 U.S. 374 (1969), addressed speedy-trial concerns. Because appellant challenges neither his conviction nor his sentence, his speedy trial rights are not implicated in this case. *United States v. Jackson*, 2020 U.S. Dist. LEXIS 203642 (4th Cir. Nov. 2, 2020), involved a federal detainer, not a state detainer. *Gilmore v. Ormond*, 2017 U.S. Dist. LEXIS 80066 (E.D.Ky. May 25, 2017), concerned the Interstate Agreement on Detainers, codified as R.C. 2963.30, which applies only to, "detainers based on untried indictments, informations, or complaints …." No untried indictments, informations, or complaints exist in this case.

{¶18} Given the lack of information in the record to support appellant's allegations and the trial court's lack of authority to grant relief, we find the trial court did not commit error in denying appellant's second motion to quash and/or dismiss detainer. Appellant's assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.

Costs to Appellant.

By: Popham , J.

Hoffman, P.J. and

Montgomery, J.