[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Phelps v. McClelland*, Slip Opinion No. 2020-Ohio-831.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-831

THE STATE EX REL. PHELPS, APPELLANT, *v.* MCCLELLAND, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Phelps v. McClelland*, Slip Opinion No. 2020-Ohio-831.]

*Mandamus—Appellant exercised adequate remedy at law by filing in trial court motion seeking new trial—Res judicata bars appellant's claim, which could have been raised on direct appeal—Court of appeals' judgment denying complaint affirmed.*

(No. 2019-0916—Submitted December 10, 2019—Decided March 10, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 108021, 2019-Ohio-2448.

_____

**Per Curiam.**

{¶ 1} Appellant, Larry Phelps, appeals the Eighth District Court of Appeals' judgment denying his complaint for a writ of mandamus to compel appellee,

Cuyahoga County Court of Common Pleas Judge Robert McClelland, to enforce the terms of an agreement the county prosecutor had reached with Phelps's wife to secure her testimony against Phelps. For the reasons explained below, we affirm.

**BACKGROUND**

{¶ 2} In 1993, a grand jury indicted Phelps and Laura Phelps, née Dumchas, on multiple felony counts, including a count of aggravated murder with two death-penalty specifications.

{¶ 3} Before trial, the trial court determined that the state could not compel Laura to testify against Phelps because she was his common-law wife. *See State v. Phelps*, 100 Ohio App.3d 187, 652 N.E.2d 1032 (8th Dist.1995). Thereafter, Laura entered into an agreement with the prosecutor to waive her spousal privilege and testify against Phelps on several conditions, including that the prosecutor would "delete the death penalty specification against Larry Phelps." The trial court accepted the agreement and said that it would "delete the felony murder specifications * * * [m]aking this a straight aggravated murder without death penalty specifications and, therefore, removing any possibility of the death penalty being imposed against Mr. Phelps in this case."

{¶ 4} Laura testified against Phelps at trial. *See State v. Phelps*, 8th Dist. Cuyahoga No. 69157, 1996 WL 532092, *1-2 (Sept. 19, 1996). But the jury was instructed on and returned verdicts on the death-penalty specifications. Phelps was convicted of multiple counts, including aggravated murder with a single capital specification. He was sentenced to life imprisonment for the aggravated murder. *See State v. Phelps*, 8th Dist. Cuyahoga No. 106735, 2018-Ohio-4709, ¶ 5-6 (detailing procedural history).

{¶ 5} In 1996, the Eighth District Court of Appeals affirmed Phelps's convictions. *Phelps*, 1996 WL 532092, *appeal not accepted*, 80 Ohio St.3d 1411, 684 N.E.2d 704 (1997). Phelps did not raise any argument regarding Laura's

agreement with the prosecutor on direct appeal, nor did he do so during the next 20 years in any of his subsequent efforts to challenge his convictions and sentence.

{¶ 6} In November 2017, Phelps filed a "motion for specific enforcement" in the trial court, arguing for the first time that he was entitled to a new trial because the state breached its agreement with Laura. The trial court denied the motion and the Eighth District affirmed, holding that Phelps's argument was barred by the doctrine of res judicata. *Phelps*, 2018-Ohio-4709, at ¶ 48-49. The court of appeals explained that Phelps "was, or should have been aware of [Laura's] agreement and the state's purported breach thereof at the time of his 1995 trial" yet failed to raise the issue in his direct appeal. *Id.* at ¶ 42.

{¶ 7} In December 2018, Phelps filed a complaint for a writ of mandamus in the Eighth District, seeking to compel Judge McClelland "to enforce the specific terms of the contract entered into by Laura Phelps and the Cuyahoga County Prosecutor's Office, to which [Larry Phelps] is the intended beneficiary."

{¶ 8} The court of appeals granted Judge McClelland's motion for summary judgment, holding that Phelps was not entitled to mandamus relief because he had an adequate remedy at law and because Phelps's claim was barred by the doctrine of res judicata. 2019-Ohio-2448, ¶ 15-17.

{¶ 9} Phelps appealed, and the case is fully briefed.

## ANALYSIS

{¶ 10} As his sole proposition of law, Phelps asserts that the Eighth District deprived him of his constitutional rights to trial by jury and due process of law by granting summary judgment to Judge McClelland "on the basis of available adequate remedy, res judicata, and harmless error."[1]

---

1. The court of appeals' opinion does not mention or analyze "harmless error." Phelps appears to take issue with the Eighth District's harmless-error analysis in an earlier decision, *see* 2018-Ohio-4709, at ¶ 43, 46, which is not the subject of this appeal.

**{¶ 11}** This court reviews the grant of summary judgment in a mandamus action de novo. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 17. Summary judgment is proper "when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C). To prevail in his mandamus action, Phelps would have to establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge McClelland to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

**{¶ 12}** Phelps first disputes the court of appeals' conclusion that he had an adequate remedy in the ordinary course of the law. A defendant may appeal a conviction on the grounds that the prosecutor breached an agreement. *See, e.g.*, *State v. Moore*, 7th Dist. Mahoning No. 06-MA-15, 2008-Ohio-1190, ¶ 31-32, 169 (agreement not to prosecute); *State v. Morrison*, 5th Dist. Muskingum No. CT2014-0042, 2015-Ohio-2018, ¶ 10-15 (plea agreement). And Phelps either was or should have been aware of Laura's agreement with the prosecutor at the time of his direct appeal. Indeed, the Eighth District's decision in Phelps's direct appeal makes it clear that the appellate record contained evidence of the agreement. *See State v. Phelps*, 1996 WL 532092, at *2 (describing Laura's immunity agreement and the prosecutor's promise "to drop the death penalty specifications against [Phelps]").

**{¶ 13}** But even if Phelps could not have raised this argument on direct appeal, he still had an adequate legal remedy by which to rectify the alleged breach of Laura's agreement " 'by filing a motion with the sentencing court to * * * specifically enforce the agreement,' " *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 5, quoting *State ex rel. Seikbert v.*

*Wilkinson*, 69 Ohio St.3d 489, 491, 633 N.E.2d 1128 (1994) (analyzing alleged breach of plea agreement). And he exercised that remedy in 2017 when he filed his motion for specific enforcement. The trial court denied the motion, and the Eighth District affirmed the trial court's judgment. When "a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue." *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93, 694 N.E.2d 463 (1998).

**{¶ 14}** The court of appeals also correctly determined that Phelps's claim is barred by the doctrine of res judicata. "[U]nder the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit. * * * Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it." *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 8. Phelps could have raised his breach-of-agreement argument on direct appeal in 1995. And, as discussed, he fully litigated the issue in 2017 by filing a motion for specific performance. Accordingly, res judicata bars him from raising the claim again in this mandamus action.

**{¶ 15}** For these reasons, we reject Phelps's arguments and affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and DONNELLY, JJ., concur.

KENNEDY, J., concurs in judgment only.

STEWART, J., not participating.

_____

Larry Phelps, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____