**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shie v. Ohio Adult Parole Auth.*, Slip Opinion No. 2022-Ohio-270.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-270

THE STATE EX REL. SHIE *v*. OHIO ADULT PAROLE AUTHORITY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shie v. Ohio Adult Parole Auth.*, Slip Opinion No. 2022-Ohio-270.]**

*Mandamus—Inmate's claim not cognizable in mandamus to extent he seeks release from prison—Inmate failed to show existence of a clear legal right or clear legal duty enforceable in mandamus—An agency's internal policy does not create a legal duty enforceable in mandamus—Writ denied.*

(No. 2021-0444—Submitted October 26, 2021—Decided February 7, 2022.)

IN MANDAMUS.

_____

**Per Curiam.**

**{¶ 1}** Relator, David Shie, is incarcerated at the Lorain Correctional Institution, serving a prison term imposed by respondent, Ohio Adult Parole Authority ("APA"), for violations of postrelease-control conditions. Shie seeks a writ of mandamus ordering his release from prison or, alternatively, an order requiring the APA to impose a shorter prison

term. He has also filed a motion for a peremptory writ and a motion for recovery of damages under R.C. 2731.11. We deny the writ and deny Shie's motions.

## I. Factual and Procedural Background

**{¶ 2}** Shie was released from prison in August 2020 after serving a 16-year sentence for convictions for sexual battery. Upon his release, Shie was subject to mandatory postrelease control for five years. Shie's conditions of postrelease control forbade him from (1) unsupervised contact with minors, (2) accessing "social networking sites" frequented by minors, (3) contacting minors via the Internet, and (4) possessing pornography or other sexually explicit material.

**{¶ 3}** In March 2021, Shie was charged with violating the conditions of his postrelease control. It was alleged that in February 2021, Shie solicited or attempted to solicit a person he believed to be a 15-year-old girl named "Gabby" to engage in sexual activity. "Gabby" was, in fact, an undercover law-enforcement officer. When Shie attempted to meet "Gabby" in person, he was arrested for violating the terms of his postrelease control. Further investigation into Shie's activity on social media revealed that he was active on Snapchat and had engaged in numerous conversations with girls who appeared to be under the age of 18 on that social-media platform. A search of Shie's phone also revealed that he possessed numerous pornographic images and videos.

**{¶ 4}** Following his arrest, Shie was charged with four postrelease-control violations: (1) attempted solicitation of "Gabby" for sexual activity, (2) possession of pornography or sexually explicit material, (3) accessing "social media sites" frequented by minors, and (4) unsupervised contact with a minor without the approval of the APA. Shie admitted the counts related to pornography and accessing "social media sites"; he admitted "with mitigation" the counts related to his attempted solicitation of "Gabby" and unsupervised contact with minors.

**{¶ 5}** A hearing on Shie's alleged violations was held on March 25. Shie waived his right to appear at the hearing, his right to counsel, his right to call witnesses and present evidence, and his right to cross-examine adverse witnesses. Based on Shie's admissions and the information presented by the APA, a hearing officer found that Shie committed

each of the alleged violations. The hearing officer imposed a prison term of 235 days—i.e., 270 days less 35 days' credit for the time Shie had been jailed since his arrest.

{¶ 6} Shie commenced this action on April 12, seeking a writ of mandamus ordering his release because the APA had not charged him within ten business days of his arrest as required by Ohio Department of Rehabilitation and Correction ("ODRC") Policy 100-APA-14. Alternatively, Shie seeks a writ of mandamus ordering the APA either to reduce his prison term or to have a chief hearing officer review the prison sanction in accordance with ODRC Policy 105-PBD-09. On June 30, after the APA had answered the complaint, we granted an alternative writ and set a schedule for the parties' presentation of evidence and merit briefs. 163 Ohio St.3d 1488, 2021-Ohio-2097, 169 N.E.3d 1266. Shie and the APA have submitted evidence and fully briefed the case.

## II. Analysis

### A. Motion for Peremptory Writ

{¶ 7} Shie has filed a "motion to allow peremptory writ of mandamus" in which he asks this court to issue a peremptory writ because the APA failed to file its evidence within 20 days of the court's issuance of the alternative writ. We deny Shie's motion. Even if a peremptory writ were an appropriate remedy for a respondent's failure to timely file evidence, the factual premise of Shie's motion is wrong. The APA timely filed its evidence on July 20, 2021—20 days after we granted the alternative writ.

### B. Shie's Mandamus Claim and Motion for Damages

{¶ 8} To obtain a writ of mandamus, Shie must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the APA to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24. Shie argues that he has a clear legal right to relief because the APA failed to follow its internal policies governing the postrelease-control-violation hearing process.

{¶ 9} Shie first argues that the APA did not conduct a violation hearing within ten business days of placing him in custody, allegedly in violation of ODRC Policy 100-APA-

14.[1] Shie contends that this failure to follow the ODRC policy should result in his release from prison. But Shie's argument fails because a writ of mandamus is not the proper remedy. "Habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison." *State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140, 141, 684 N.E.2d 1227 (1997). Thus, to the extent that Shie seeks release from prison, his claim is not cognizable in mandamus.[2]

{¶ 10} As alternative relief, Shie asks for a writ of mandamus ordering the APA to abide by its internal policy governing the postrelease-control-violation hearing process. Specifically, Shie cites ODRC Policy 105-PBD-09, which, he contends, shows that the most serious violation that he was found to have committed warranted only a 90-day prison term. Shie also argues that no prison term longer than 180 days may be imposed without the APA chief hearing officer's approval, which Shie argues did not happen in this case. Thus, Shie contends that he is entitled to a writ of mandamus ordering the APA to either reduce his 270-day prison sentence or have the sentence reviewed by the APA chief hearing officer.

{¶ 11} Shie is not entitled to the requested relief. He relies solely on ODRC Policy 105-PBD-09 as the source of the alleged duty he seeks to enforce. But the creation of a duty enforceable in mandamus is the function of the legislative branch of government. *State ex rel. Clough v. Franklin Cty. Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, 40 N.E.3d 1132, ¶ 15. An internal policy of an agency does not create a legal duty enforceable in mandamus. *See id.*; *see also State ex rel. Aaron's, Inc. v. Ohio Bur. of Workers' Comp.*, 148 Ohio St.3d 34, 2016-Ohio-5011, 68 N.E.3d 757, ¶ 26. And as a

---

1. ODRC Policy 100-APA-14(VI)(G)(2) provides that a "hold order" shall be placed on an offender when the APA intends to proceed with a violation hearing. https://drc.ohio.gov/Portals/0/Policies/DRC%20Policies/100-APA-14%20(Feb%202021).pdf?ver =RC20o4CIF7l2McRoOGoQoQ%3d%3d (accessed Dec. 21, 2021) [https://perma.cc/8AGD -NLRB]. The APA has five business days to sanction the offender and remove the hold order. *Id.* The APA may extend an active hold order for up to five additional business days. ODRC Policy 100-APA-14(G)(3).

2. After the APA filed its merit brief in this case, Shie filed a petition for a writ of habeas corpus in Supreme Court case No. 2021-1027. We dismissed that action sua sponte. *Shie v. Black*, 164 Ohio St.3d 1446, 2021-Ohio-3336, 173 N.E.3d 1240.

statutory matter, the prison term imposed on Shie is not unlawful. R.C. 2967.28(F)(3) authorizes the imposition of a prison term of up to nine months for a violation of postrelease-control conditions. Accordingly, Shie has not shown the existence of a clear legal right or clear legal duty enforceable in mandamus.

{¶ 12} Shie has also filed a motion for recovery of monetary damages under R.C. 2731.11, which states: "If judgment in a proceeding for a writ of mandamus is rendered for the plaintiff, the relator may recover the damages which he has sustained * * *." Because we are denying the writ, Shie is not entitled to damages under the statute. *See State ex rel. Natl. City Bank v. Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58, ¶ 13.

{¶ 13} For the foregoing reasons, Shie is not entitled to any of the relief he seeks. We deny Shie's motions and deny the writ.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

––––––––––––––––

David Shie, pro se.

Dave Yost, Attorney General, and Mark W. Altier and Lori H. Duckworth, Assistant Attorneys General, for respondent.

––––––––––––––––