[Cite as *Duncan v. Schumaker*, 2022-Ohio-4625.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| JOHNNY T. DUNCAN<br><br>    Relator<br><br>v.<br><br>STEPHEN A. SCHUMAKER<br><br>    Respondent | C.A. No. 2022-CA-71<br><br><br><br>**DECISION AND FINAL JUDGMENT ENTRY** |

---

PER CURIAM:

**{¶ 1}**   This matter is before the court on relator Johnny T. Duncan's November 21, 2022, motion for default judgment. Duncan's petition for writ of mandamus was filed on October 5, 2022, and served on respondent Stephen A. Schumaker,[1] the following day. Schumaker did not file a responsive pleading, nor did he respond to Duncan's motion for default judgment. Accordingly, this matter is ripe for our consideration.

**Factual Background**

**{¶ 2}**   On May 6, 1992, Duncan was convicted of aggravated murder in two Clark County Common Pleas Court cases:  Nos. 91-CR-436 and 92-CR-218. Duncan, who was facing the death penalty, entered into a plea agreement with the state to resolve his

---

[1] The caption of Duncan's petition refers to Schumaker as "Judge Springfield Municipal Court." Schumaker is currently a judge of the Clark County Municipal Court.

pending cases. At the time of Duncan's guilty pleas, Schumaker was the Clark County Prosecuting Attorney.[2]

{¶ 3}   The written "Plea Agreement, Stipulation, and Waiver of Rights," executed by Duncan, his counsel, and Schumaker, states that:

I am agreeing to be sentenced by this Court to a <u>LIFE prison term with parole eligibility after serving a minimum of thirty full years</u> as to Count I of the indictment in Case No. 91-CR-0436 alleging the aggravated murder with specification in the death of Tracy Clark. I am also agreeing to be sentenced by this Court to <u>LIFE prison term with parole eligibility after serving twenty (20) years of imprisonment</u> as to the Bill of Information in Case No. 92-CR-0218 alleging the aggravated murder of James E. Sims. I understand that this LIFE sentence with parole eligibility after serving twenty (20) years shall be served CONCURRENTLY with the sentence imposed in Clark County Common Pleas Court Case Number 91-CR-436. Further, I understand that the State of Ohio will recommend to the Court that these sentences be served <u>CONSECUTIVELY</u> with the sentence of 7 years ACTUAL incarceration to 25 years imposed by the Court in Clark County Common Pleas Case No. 91 CR-367.

{¶ 4}   Further, the plea agreement states that:

if any other sentence is imposed other than that contemplated by the <u>Plea Agreement, Stipulation, and Waiver</u>, then the plaintiff, State of Ohio, and

---

[2] The current Clark County Prosecuting Attorney is Daniel P. Driscoll. We decline to substitute Driscoll as a party for reasons that will become clear in short order.

the defendant, Johnny L. Duncan, will join in a motion to vacate the guilty pleas entered pursuant to this agreement.

**{¶ 5}** Duncan's judgments of conviction, which are attached to his petition, track the language of the written plea agreement. The trial court's oral pronouncement of Duncan's sentence, as contained in the April 30, 1992, sentencing hearing transcript attached to his petition, states that he would be "sentenced to a life prison term with parole eligibility after serving a minimum of 20 full years on this indictment and on this charge and plea of guilty thereto in 91-CR-436." Thus, there is a discrepancy between the judgment of conviction in Case No. 91-CR-436 (life sentence with parole eligibility after serving a minimum of 30 years) and the oral pronouncement of the sentence (life sentence with parole eligibility after serving a minimum of 20 years).

**{¶ 6}** Duncan did not file a direct appeal from his judgments of conviction. Nearly twenty years later, on February 25, 2022, Duncan filed in the trial court motions for leave to withdraw his guilty plea or, in the alternative, to grant specific performance of his plea agreement. Duncan argued that the trial court's imposition of a life sentence with a minimum prison term of 30 years before parole eligibility in Case No. 91-CR-0436 is a sentence other than that contemplated by his plea agreement. Thus, the gravamen of Duncan's mandamus petition is that he is entitled to have his guilty pleas vacated, that Schumaker has a clear legal duty to join his motion to vacate his plea agreement, and that Schumaker has breached his agreement. Duncan alleges that he lacks a remedy in the ordinary course of the law, necessitating mandamus relief.

**Law & Analysis**

**{¶ 7}** "When appropriate, a Civ.R. 55 default judgment may be entered in a mandamus action." *State ex rel. Shimola v. Cleveland*, 70 Ohio St.3d 110, 112, 637 N.E.2d 325 (1994), citing *State ex rel. Spirko v. Court of Appeals*, 27 Ohio St.3d 13, 15, 501 N.E.2d 625 (1986). Nevertheless, "no judgment by default shall be entered against the state, a political subdivision, or officer in his representative capacity or agency of either unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Civ.R. 55(D). Thus, to grant a default judgment against Schumaker, this court must look beyond the simple admissions resulting from his failure to serve a responsive pleading. *Shimola*, at 112. To be entitled to a writ of mandamus, Duncan must establish: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Schumaker to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Nauth v. Dirham*, 161 Ohio St.3d 365, 2020-Ohio-4208, 163 N.E.3d 526, ¶ 11.

**{¶ 8}** Upon consideration, we determine that mandamus will not lie because Duncan possesses an adequate remedy in the ordinary course of law. "A criminal defendant is not entitled to equitable relief to redress an alleged breach of a plea agreement when he possesses adequate legal remedies." *State v. Billingsley*, 133 Ohio St.3d 277, 2012-Ohio-4307, 978 N.E.2d 135, ¶ 42, citing *State ex. rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 491, 633 N.E.2d 1128 (1994). A prosecutor's breach of a plea agreement may be challenged on direct appeal. *See State ex rel. Phelps v. McClelland*, 159 Ohio St.3d 184, 2020-Ohio-831, 149 N.E.3d 500, ¶ 12. Thus, direct

appeal is an adequate remedy at law in Duncan's case. Plainly, Duncan did not avail himself of this remedy.

**{¶ 9}** Notwithstanding Duncan's failure to perfect a direct appeal from his judgments of conviction, a defendant may file a motion to specifically enforce a plea agreement in the trial court. *See id. at* ¶ 13, citing *Seikbert.* Duncan's petition demonstrates that he has filed motions to specifically enforce his plea agreement in the trial court. Moreover, we take judicial notice that on November 2, 2022, the trial court overruled his motions. *Cf. State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1 ("We note that it is a common practice for appellate courts to take judicial notice of publicly accessible online court dockets"). Accordingly, Duncan has not only availed himself of an adequate legal remedy but may further appeal the trial court's denial of his motions.[3]

**{¶ 10}** Because Duncan could have challenged a breach of his plea agreement on direct appeal and because he moved to specifically enforce the agreement in the trial court, the doctrine of res judicata prevents him from raising the same claim in this mandamus action. *See Phelps* at ¶ 14.

### Conclusion

**{¶ 11}** For all the foregoing reasons, Duncan has not established his claim to relief by evidence satisfactory to the court and his motion for default judgment is OVERRULED. This action, Clark County Appellate Case No. 2022-CA-71, is DISMISSED.

**{¶ 12}** Writ of mandamus DENIED. Costs WAIVED.

---

[3] Duncan has appealed the trial court's denial of his motions. *See* Clark County Appellate Case No. 22-CA-0082.

**{¶ 13}** SO ORDERED.

_____
MICHAEL L. TUCKER, PRESIDING JUDGE


_____
MARY E. DONOVAN, JUDGE


_____
RONALD C. LEWIS, JUDGE


To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B)

_____
MICHAEL L. TUCKER, PRESIDING JUDGE