[Cite as *Townsend v. Gaul*, 2023-Ohio-1485.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALBERT TOWNSEND SR. EX REL.,

        Relator,

        v.

JUDGE DANIEL GAUL,

        Respondent.

:

:

:

:

:

:

No. 112510

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 2, 2023

Writ of Mandamus
Motion No. 563494
Order No. 563943

*Appearances:*

Albert Townsend, Sr., *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Relator, Albert Townsend, Sr., seeks a writ of mandamus directing respondent, Judge Daniel Gaul, to, among other things, hold a resentencing hearing that he claims was ordered by this court. Respondent has issued a journal entry in

compliance with this court's mandate. This renders relator's request for writ of mandamus moot to the extent that relator's complaint sets forth a valid claim for mandamus. Relator's complaint is also fatally defective. Respondent's motion for summary judgment is, therefore, granted, and relator's request for writ of mandamus is denied.

## I. Procedural and Factual History

{¶ 2} In *State v. Townsend*, Cuyahoga C.P. No. CR-17-614508-A, relator was convicted of numerous charges related to the rape of three individuals in separate incidents, for which he received a prison sentence of 56 years to life. On appeal, this court vacated sexually violent predator specifications related to two victims and remanded for resentencing. *State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2019-Ohio-1134 ("*Townsend I*").

{¶ 3} A resentencing hearing was held, and Townsend again received a prison sentence of 56 years to life. In an appeal from that sentence, this court affirmed the imposition of consecutive sentences and the overall sentence but remanded for the sole purpose of incorporating the consecutive-sentence findings that the trial judge made at the sentencing hearing into the sentencing entry. *State v. Townsend*, 8th Dist. Cuyahoga No. 110525, 2022-Ohio-692, ¶ 23 ("*Townsend II*").

{¶ 4} Relator alleges in the instant complaint that on September 20, 2022, he was transported from prison to Cuyahoga County Jail for a resentencing hearing mandated by this court's opinion in *Townsend II*, but one never occurred. Relator

asserts that on October 20, 2022, he was transported to a holding area for respondent's courtroom. He further alleges that respondent could not hold a resentencing hearing because relator had filed an affidavit of disqualification with the Supreme Court of Ohio that remained pending at the time.[1] Because of this, the hearing was cancelled and relator was returned to jail. On October 23, 2022, he was transported back to prison without ever being resentenced. Relator alleges thereafter the state filed a proposed nunc pro tunc entry to which relator objected. At the time that relator filed his complaint, respondent had not issued a journal entry incorporating the consecutive-sentence findings into its sentencing journal entry as required by this court in *Townsend II*.

{¶ 5} Relator also asserts several other largely unintelligible claims, asserting fraud, impropriety, and seeking various orders directing respondent to take certain actions. In his complaint, relator requests this court

> to reinvestigate claims of facts[,] compel the [respondent] to take action and follow the law as to the remand or in the alternative modify sentence to time served or 10 years-concurrent which the prosecution was untruthful saying they offered relator 10-years when the record supports relator[']s claims of fact. Review (Tr. 17) [relator's] offered plea deal of ten years concurrent which was denied but now the state is claiming to have offered ten years and claims defense denied the plea deal which according to the record is false[.] [I]f at all possible in good faith standard honor the state[']s claim they offered the relator ten-years which relator would have accepted. (Tr. 17) supports relator's claim[.] [S]ustain the concurrent 10-year offered and/or time served five years on the table no further litigation everyone satisfied...?? [sic] And vacate the November 27, 2006[,] subsequent re-indictment of nine

---

[1] The application for disqualification was denied on September 21, 2022, in an opinion published on November 22, 2022. *See In re Disqualification of Gaul*, Slip Opinion No. 2022-Ohio-4127; *11/22/2022 Case Announcements*, 2022-Ohio-4164.

years later without any new evidence whatsoever and alleged victim never showed at either trial and vacate second case February 12, 2005.

{¶ 6} On April 10, 2023, respondent filed a motion for summary judgment.[2] There, respondent argued that a nunc pro tunc journal entry was journalized on April 5, 2023. A certified copy of this journal entry and opinion was attached to the motion for summary judgment. This was further authenticated by affidavit. The journal entry incorporated consecutive-sentence findings at page 3 of the opinion.

{¶ 7} Relator filed a brief in opposition to respondent's motion for summary judgment on April 24, 2023. There, he asserted that he was convicted of charges that were previously dismissed with prejudice. He appears to claim that the later reindictment on dismissed charges should be void or that the indictment is invalid. He also requests the appointment of counsel.

{¶ 8} The gravamen of relator's brief in opposition to respondent's motion for summary judgment is a collateral attack on his convictions in CR-17-614508-A.[3] He recounts a series of events that he claims shows that he could not be indicted and ultimately convicted of the charges for which he is presently incarcerated. He also argues that his speedy trial rights were violated, there was judicial bias displayed

---

[2] The docket in the present original action shows that service of the complaint via certified mail was not completed on respondent. By filing a motion for summary judgment without raising insufficiency of process, respondent has waived service and submitted to the jurisdiction of this court. *See* Civ.R. 12(B); Civ.R. 12(H); *Belovich v. Crowley*, 8th Dist. Cuyahoga No. 109523, 2021-Ohio-2039, ¶ 23.

[3] Relator's brief in opposition cites to numerous exhibits, but these exhibits were not attached to this filing. He further cites to transcripts, but there are no transcripts before the court in this action.

towards him, his rights were violated when counts were not severed for trial, his indictment was facially void, he was prejudiced by a lack of separation of witnesses, that this court should have done a de novo review of the entire transcript and found plain or structural error, and that consecutive sentences were wrongfully imposed. Addressing the actual arguments made by respondent on summary judgment, relator also claimed that the journal entry attached to respondent's motion for summary judgment did not contain respondent's actual signature and constituted a fraud on the court.

## II. Law and Analysis

### A. Appointment of Counsel

{¶ 9} To the extent relator's brief in opposition to summary judgment constitutes a motion for appointment of counsel, it is denied. Generally, parties in an original action, a type of civil action, are not entitled to appointed counsel at state's expense. *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 207, 614 N.E.2d 827 (4th Dist.1992).

### B. Standards Applicable to this Action

{¶ 10} A writ of mandamus may issue, in a court's discretion, when relators show by clear and convincing evidence that (1) they have a clear legal right to the requested relief; (2) the respondent is under a clear legal duty to provide the relief; and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Generally, if a relator has or had an adequate remedy at law, whether used or not,

relief in mandamus is precluded. *State ex rel. Martin v. Russo*, 8th Dist. Cuyahoga No. 96328, 2011-Ohio-3268, ¶ 7, citing *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997). However, when an inferior tribunal refuses to follow the mandate of superior one, mandamus may lie rather than requiring a relator to suffer through a series of ineffectual appeals. *State ex rel. Gallagher v. Collier-Williams*, 8th Dist. Cuyahoga No. 111229, 2022-Ohio-1177, ¶ 13.

{¶ 11} The matter is before this court on the respondent's motion for summary judgment pursuant to Civ.R. 56(C). "'Summary judgment is appropriate when an examination of all relevant materials filed in the action reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" *State ex rel. Parker v. Russo*, 158 Ohio St.3d 123, 2019-Ohio-4420, 140 N.E.3d 602, ¶ 5, quoting *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C).

**C. Procedural Defects**

{¶ 12} Pursuant to R.C. 2969.25(C), a person housed in a state prison institution that wishes to waive the filing fee when commencing an action against a governmental entity or employee shall file with the complaint, "an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency[,]" that contains "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier; [and] [a] statement that sets forth all other cash and things of value owned by the inmate at that time." R.C. 2969.25(C). The failure to

strictly comply with this provision requires dismissal of the complaint with costs imposed. *State ex rel. Ellis v. Wainwright*, 157 Ohio St.3d 279, 2019-Ohio-2853, 135 N.E.3d 761, ¶ 7.

{¶ 13} Here, relator has attached what appears to be a statement of his inmate account. However, the statement is not certified by the institutional cashier and the statement is for a period between May 1, 2022, and November 15, 2022. This period is not for the preceding six months from the filing date of his complaint — March 14, 2023. Strict compliance with R.C. 2969.25 is required. *Ellis* at ¶ 7 (holding that R.C. 2969.25(C) requires strict compliance so an inmate's explanation for noncompliance is irrelevant). The failure to comply requires this court to deny the requested relief.

{¶ 14} Here, relator has failed to strictly comply with R.C. 2969.25(C). Therefore, his complaint is fatally defective.

**D. Mootness**

{¶ 15} A complaint for writ of mandamus can become moot where the relator obtains all the relief to which he is entitled. *State ex rel. Shaw v. Clerk of Cuyahoga Cty. Probate Court*, 8th Dist. Cuyahoga No. 108816, 2019-Ohio-3780, ¶ 8, citing *State ex rel. Jerninghan v. Court of Common Pleas*, 74 Ohio St.3d 278, 658 N.E.2d 723 (1996). This may occur when the respondent enters rulings on pending motions that are the subject of the mandamus action. This has occurred in the present action. Respondent has provided this court with a certified journal entry of sentence incorporated by affidavit in compliance with Civ.R. 56(C) that includes

the consecutive-sentence findings that we ordered in *Townsend II*.[4]  Therefore, relator's request for writ of mandamus is moot in relation to this claim.

### E. Other Claims for Relief Unsuitable for Mandamus

{¶ 16} Relator's allegations in the complaint and brief in opposition to summary judgment go well beyond a simple request to issue an order that complies with this court's mandate in *Townsend II*.  He further claims that he was entitled to a resentencing hearing and respondent is ignoring this court's mandate.  This court did not order a resentencing hearing when it remanded the case in *Townsend II*. This court specifically directed respondent to issue a nunc pro tunc sentencing entry incorporating the consecutive-sentencing findings that were made at the sentencing hearing into the sentencing entry.  *Townsend II* at ¶ 2.  Respondent had no legal duty to hold a resentencing hearing where this court did not remand with instructions to do so.  *See State ex rel. Locke v. Friedland*, 8th Dist. Cuyahoga No. 106330, 2018-Ohio-180, ¶ 9, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15.  Further, relator had no right to be present at a hearing for the issuance of a nunc pro tunc entry that merely incorporated consecutive-sentencing findings.  *See State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-

---

4 Relator's conclusory statement that the certified journal entry attached to respondent's motion for summary judgment constitute a fraud on the court and is invalid does not create a material question of fact.  The certified entry bears the signature of respondent and a date that it was journalized in the underlying criminal case and was further authenticated by affidavit.  Relator's conclusory statement does not cast doubt on its authenticity.

3099, ¶ 17. Therefore, relator is not entitled to a writ of mandamus ordering respondent to hold a hearing.

{¶ 17} A number of relator's arguments for relief are not proper matters for mandamus. For instance, this court cannot "reinvestigate" criminal matters in the confines of an original action in mandamus. "The duty to be enforced by a writ of mandamus must be *specific, definite, clear* and *unequivocal.*" (Emphasis sic.) *Karmasu*, 83 Ohio App.3d at 205, 614 N.E.2d 827. Respondent and this court have no clear legal duty to reinvestigate a criminal matter and no authority to do so.

{¶ 18} Relief in mandamus is also not appropriate for a claim that a relator should have received concurrent rather than consecutive sentences. *State ex rel. Culgan v. Kimbler*, 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88 (A direct appeal is the proper vehicle to raise claim that consecutive sentences were erroneous.).

{¶ 19} In this case, we also lack the ability in mandamus to order the state to offer or respondent to accept a plea agreement for relator's final criminal convictions. Relator asks this court to order the state to accept a specific plea agreement and for respondent to impose sentence following that purported agreement. Relator has not identified any source of authority that would allow this court to disturb relator's final judgment of conviction. Further, the offering and acceptance of a plea are matters left to the sound discretion of prosecutors and trial judges for which no clear legal duty exists in mandamus in this case. "Although a writ of mandamus may require an inferior tribunal to exercise its judgment or to

proceed to the discharge of its function, R.C. 2731.03, it may not control judicial discretion, even if such discretion is grossly abused." *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987).

{¶ 20} Many of the allegations and arguments in the brief in opposition to respondent's motion for summary judgment are clearly an attempted collateral attack on relator's convictions. A writ of mandamus is not a substitute for an appeal and may not be used to gain successive appellate review of issues that were or could have been raised previously. *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249, 594 N.E.2d 616 (1992). "Permitting another collateral attack on a conviction through mandamus would 'undermine the finality of all criminal judgments by permitting the endless relitigation of a court's jurisdiction when the offender has already had a full and fair opportunity to be heard.'" *State ex rel. Mobarak v. Brown*, 10th Dist. Franklin No. 22AP-482, 2023-Ohio-436, ¶ 16, quoting *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 13.

{¶ 21} Relator has previously raised or could have raised these claims in other appellate proceedings including *Townsend I, Townsend II, State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2021-Ohio-696 (application for reopening denied where relator raised claims of speedy trial, Confrontation Clause issues, sufficiency of the evidence, severance of charges, *Brady* violations, suppression issues, evidentiary issues, and right to compulsory process); *State v. Townsend*, 8th Dist. Cuyahoga No. 110525, 2022-Ohio-4398 (application for reopening denied where relator raised 26 proposed assignments of error with

arguments similar to those raised here). The attempted collateral attack of his criminal convictions in mandamus must fail.

{¶ 22} A writ of mandamus is also not a suitable vehicle to seek the removal of a judge for bias. *State ex rel. Siemientkowski v. Gallagher*, 8th Dist. Cuyahoga No. 82749, 2003-Ohio-3543, ¶ 6. Relator seeks an order from this court removing respondent from the underlying criminal case. Pursuant to R.C. 2701.03, an adequate remedy exists in the form of an affidavit of disqualification filed with the Supreme Court of Ohio.

{¶ 23} There is only one valid claim for relief in mandamus present in relator's complaint: Respondent must enter a nunc pro tunc order following this court's remand in *Townsend II*. Respondent has shown that this claim was rendered moot by the journalization of an order in compliance with this court's remand in *Townsend II*. Therefore, relator has received all the relief to which he is entitled in this case and mandamus may not be used to compel the performance of a duty that has already been performed. *State ex rel. Davidson v. Beathard*, 165 Ohio St.3d 558, 2021-Ohio-3125, 180 N.E.3d 1105, ¶ 13, citing *State ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 5. To the extent that relator's complaint presents a valid claim in mandamus, that claim is moot.

{¶ 24} Therefore, respondent's motion for summary judgment is granted. Relator's request for writ of mandamus is denied. Relator to bear the costs of this action. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 25} Writ denied.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR