**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Townsend v. Gaul*, Slip Opinion No. 2024-Ohio-1128.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1128

[THE STATE EX REL.] TOWNSEND, APPELLANT, *v*. GAUL, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Townsend v. Gaul*, Slip Opinion No. 2024-Ohio-1128.]**

*Mandamus—Inmate failed to comply with requirements of R.C. 2969.25(C)—Court of appeals' dismissal of complaint affirmed.*

(No. 2023-0862—Submitted February 6, 2024—Decided March 28, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 112510, 2023-Ohio-1485.

_____

**Per Curiam.**

{¶ 1} Appellant, Albert Townsend Sr., appeals the Eighth District Court of Appeals' judgment denying his complaint for a writ of mandamus. Because Townsend's complaint was defective for failure to comply with R.C. 2969.25(C), we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**{¶ 2}** Townsend was convicted on multiple counts of rape and kidnapping, sentenced to 56 years to life in prison, and classified as a sexually violent predator. On direct appeal, the court of appeals held that the trial court erred in sentencing Townsend to sexually-violent-predator specifications with respect to two of his victims and remanded the case for resentencing on eight of the counts on which he had been convicted. *See State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2019-Ohio-1134, ¶ 66-67 ("*Townsend I*"). At resentencing, the trial court again sentenced Townsend to 56 years to life in prison. *See State v. Townsend*, 8th Dist. Cuyahoga No. 110525, 2022-Ohio-692, ¶ 10 ("*Townsend II*"). Townsend appealed again, and the court of appeals affirmed the sentence but remanded to the trial court "for the limited purpose of reflecting its findings supporting the imposition of consecutive sentences in its journal entry." *Id.* at ¶ 22. Appellee, Cuyahoga County Common Pleas Court Judge Daniel Gaul, entered a nunc pro tunc sentencing entry to comply with the court of appeals' remand instructions.

**{¶ 3}** In March 2023, Townsend filed a complaint for a writ of mandamus in the court of appeals. Townsend alleged, among other things, that he was entitled to a resentencing hearing. He also complained that he should have received the benefit of a plea agreement allegedly offered by the state, in which, according to Townsend, he would have received concurrent ten-year sentences. Townsend's prayer for relief asked the court of appeals to (1) "reinvestigate" claims of facts showing that he was not properly resentenced, (2) compel the trial court to comply with the court of appeals' remand order in *Townsend II* or, in the alternative, modify his sentence "to time served or 10 years-concurrent," and (3) vacate the indictments for lack of evidence.

**{¶ 4}** The court of appeals granted Judge Gaul's motion for summary judgment and denied the writ. 2023-Ohio-1485, ¶ 24. The court observed that Townsend did not comply with R.C. 2969.25(C), which requires an inmate who

requests a waiver of the court's filing fee to submit with the complaint an affidavit of indigency that contains a certified statement of the balance in the inmate's institutional account for each of the preceding six months. 2023-Ohio-1485 at ¶ 12. In addition, the court of appeals found one of Townsend's mandamus claims moot because the trial court had issued a judgment entry complying with the remand order issued in *Townend II*. 2023-Ohio-1485 at ¶ 15. The court of appeals found that many of Townsend's remaining claims were "not proper matters for mandamus." *Id.* at ¶ 17. It also noted that Townsend had already raised or could have raised many of his arguments in his previous appeals. *Id.* at ¶ 21, citing *Townsend I*, *Townsend II*, *State v. Townsend*, 8th Dist. Cuyahoga No. 107186, 2021-Ohio-696 (denying application for reopening), and *State v. Townsend*, 8th Dist. Cuyahoga No. 110525, 2022-Ohio-4398 (denying application for reopening).

{¶ 5} Townsend appealed to this court as of right. Judge Gaul has filed a motion to strike 81 pages of exhibits attached to Townsend's merit brief on the ground that those exhibits were not part of the record in the court of appeals. Townsend opposes the motion to strike.

## ANALYSIS

{¶ 6} This court reviews de novo a court of appeals' grant of summary judgment in a mandamus action. *State ex rel. Phelps v. McClelland*, 159 Ohio St.3d 184, 2020-Ohio-831, 149 N.E.3d 500, ¶ 11. To obtain a writ of mandamus, Townsend must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Gaul to provide it, and the lack of an adequate remedy in the ordinary course of the law. *Id.*

{¶ 7} Townsend is incarcerated at the Grafton Correctional Institution. When an inmate seeks a waiver of a court of appeals' filing fees for commencing a civil action against a governmental entity or employee, as Townsend did in this case, R.C. 2969.25(C) requires the inmate to file with his complaint an affidavit stating that he is seeking a waiver of the prepayment of the court's full filing fees

and an affidavit of indigency. The affidavit must contain (1) a statement certified by the institutional cashier that sets forth the balance of the inmate's institutional account for each of the preceding six months and (2) a statement that sets forth all other cash and things of value owned by the inmate. *Id.* Noncompliance with these requirements is a proper basis for dismissal of the action. *State ex rel. Ellis v. Wainwright*, 157 Ohio St.3d 279, 2019-Ohio-2853, 135 N.E.3d 761, ¶ 6.

{¶ 8} With his mandamus complaint in the court of appeals, Townsend submitted what appears to be a statement of his inmate account. The statement, however, is not certified by the institutional cashier and does not cover the six-month period preceding the filing of Townsend's complaint. Townsend filed his complaint on March 14, 2023, but the statement he filed covers the period of May 1, 2022, through November 9, 2022. Because the statement does not strictly comply with R.C. 2969.25(C), the court of appeals correctly found this deficiency to be fatal to Townsend's mandamus complaint. *See Ellis* at ¶ 6-7.

{¶ 9} In this appeal, Townsend does not claim to have complied with R.C. 2969.25(C). Rather, Townsend's merit brief raises arguments relating only to the underlying merits of his mandamus complaint. But without providing any argument for reversal of the court of appeals' judgment on R.C. 2969.25(C) grounds, Townsend fails to establish an error that would entitle him to reversal of the judgment below. *See State ex rel. Pointer v. Adult Parole Auth.*, 170 Ohio St.3d 96, 2022-Ohio-3261, 209 N.E.3d 611, ¶ 9. We therefore affirm the court of appeals' judgment without reaching any of the other issues Townsend raises on appeal. *See, e.g.*, *State ex rel. Sands v. Lake Cty. Common Pleas Court*, 172 Ohio St.3d 146, 2023-Ohio-2599, 222 N.E.3d 594, ¶ 11.

**CONCLUSION**

{¶ 10} Because Townsend did not comply with R.C. 2969.25(C), we affirm the judgment of the Eighth District Court of Appeals. We deny as moot Judge Gaul's motion to strike.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Albert Townsend Sr., pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

————————————