[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Chambers-Smith*, Slip Opinion No. 2024-Ohio-1615.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1615

THE STATE EX REL. ELLIS, APPELLANT, *v.* CHAMBERS-SMITH, DIR., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Chambers-Smith*, Slip Opinion No. 2024-Ohio-1615.]**

*Mandamus—Writ sought to order Department of Rehabilitation and Correction to treat a postconviction entry correcting jail-time credit as a resentencing entry vacating original prison sentence—Court of appeals' denial of writ affirmed.*

(No. 2023-1062—Submitted March 26, 2024—Decided April 30, 2024.)

APPEAL from the Court of Appeals for Franklin County, No. 22AP-14, 2023-Ohio-2671.

_____

**Per Curiam.**

{¶ 1} Appellant, James P. Ellis, appeals the Tenth District Court of Appeals' judgment denying his petition for a writ of mandamus against appellee,

Annette Chambers-Smith, the director of the Ohio Department of Rehabilitation and Correction ("ODRC"). Ellis sought a writ ordering ODRC to treat a postconviction entry correcting his jail-time credit as a "resentencing" entry vacating his original sentence. Because the court of appeals correctly denied the writ, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** In March 1995, Ellis was convicted of aggravated murder and aggravated burglary in the Hamilton County Court of Common Pleas. He was sentenced to 10 to 25 years in prison for the aggravated burglary and life imprisonment for the aggravated murder, to be served consecutively. Ellis received 296 days of jail-time credit. His convictions were affirmed on appeal. *State v. Ellis*, 1st Dist. Hamilton No. C-950307, 1996 WL 496930 (Sept. 4, 1996), *appeal not accepted*, 77 Ohio St.3d 1518, 674 N.E.2d 371 (1997).

**{¶ 3}** In August 2021, the trial court issued an entry granting a motion for jail-time credit filed by Ellis, finding that he was entitled to a total of 373 days of jail-time credit as of the date of his sentencing (77 more than he was credited with in the March 1995 judgment of conviction) and that the 373 days of credit included any credit previously given. ODRC later informed Ellis that it had updated its records with the jail-time credit ordered by the trial court.

**{¶ 4}** In January 2022, Ellis filed a petition for a writ of mandamus in the Tenth District. Ellis contended that the August 2021 entry was a "resentencing" entry that corrected the calculation of his jail-time credit but did not otherwise reimpose his sentences for aggravated murder and aggravated burglary. Ellis argued that because of the "one-document rule" from *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163,[1] ODRC could no longer rely on the March

---

1. In *Baker*, we held that "[o]nly one document can constitute a final appealable order" and that a judgment of conviction "is a single document" that "must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court." *Baker* at ¶ 17, 19.

1995 judgment of conviction as a document authorizing his confinement. In Ellis's view, he was resentenced in August 2021 to no more than the 373 days of jail time he had already served and his March 1995 judgment of conviction had been "vacated." According to Ellis, ODRC had to apply the August 2021 entry as written and could not correct or interpret it to include the sentences imposed in March 1995. Ellis requested a writ of mandamus to (1) compel ODRC to "employ, execute and enforce the [August 2021 entry] as it is written," (2) direct ODRC to "disavow and discontinue" all attempts to violate the "one-document rule" from *Baker*, and (3) compel ODRC to refrain from correcting a perceived error in the August 2021 entry.

{¶ 5} Ellis filed a motion for summary judgment and a brief in support of his request for the writ. ODRC filed a memorandum in opposition to Ellis's summary-judgment motion and a cross-motion for summary judgment. In his filings, Ellis invoked ODRC Policy No. 52-RCP-01 as another basis for his requested relief in mandamus. That policy, argued Ellis, required ODRC to review commitment papers for their accuracy, and the policy further stated that "[i]f inaccuracies exist, the individual shall not be accepted, and the committing court shall be contacted immediately." In Ellis's view, ODRC should have contacted the trial court regarding resentencing him rather than continuing to imprison him in accordance with the sentences imposed in March 1995.

{¶ 6} The court of appeals referred the case to a magistrate, who recommended that the court grant ODRC's motion for summary judgment, deny Ellis's motion for summary judgment, and deny the writ of mandamus. 2023-Ohio-2671, ¶ 48. The magistrate rejected Ellis's argument that the August 2021 entry awarding him additional jail-time credit was a "resentencing" entry. *Id.* at ¶ 35. The magistrate concluded that a motion to correct an inaccurate calculation of jail-time credit is authorized by R.C. 2929.19(B)(2)(g), *id.* at ¶ 30-31, and that nothing

in that statute requires a trial court to resentence the offender when ruling on the motion, *id.* at ¶ 35.

{¶ 7} Ellis filed an objection to the magistrate's decision. The court of appeals unanimously overruled the objection and denied the writ. Ellis appealed to this court as of right.

## ANALYSIS

{¶ 8} This court reviews de novo a court of appeals' grant of summary judgment in a mandamus action. *State ex rel. Phelps v. McClelland*, 159 Ohio St.3d 184, 2020-Ohio-831, 149 N.E.3d 500, ¶ 11. To obtain a writ of mandamus, Ellis must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of ODRC to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *Id.*

{¶ 9} Though Ellis's merit briefing in this appeal and his summary-judgment briefing in the court of appeals are confusing, we understand his argument to consist of five main pillars: (1) when the trial court granted his motion for jail-time credit in August 2021, its entry was a "resentencing" entry that superseded the March 1995 judgment of conviction; (2) in accordance with the "one-document rule" set forth in *Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, only one entry may be the final judgment; (3) the August 2021 entry was later in time and was therefore the "one document" that controlled his sentence, but it lacked elements required by Crim.R. 32(C) to be a final, appealable order; (4) because the August 2021 entry did not restate Ellis's original sentences of 10 to 25 years in prison for aggravated burglary and life imprisonment for aggravated murder, those terms are no longer part of his sentence; and (5) any error by the trial court in failing to reimpose the original prison terms may not be corrected now, because there was no appeal of the trial court's August 2021 entry. Based on these pillars, Ellis contends that the August 2021 entry was a resentencing that did not

reimpose his original sentences from March 1995 and, thus, his original prison sentences are no longer valid.

{¶ 10} Ellis's argument is without merit because the trial court's August 2021 entry was not a "resentencing." To the contrary, the trial court granted Ellis's motion for jail-time credit and nothing more. Indeed, a sentencing court is authorized by statute to do precisely what the trial court did in Ellis's case—grant additional days of jail-time credit upon a determination that a previous calculation of credit was erroneous.

{¶ 11} Under R.C. 2929.19(B)(2)(g)(iii), "[t]he sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination" of jail-time credit. The statute authorizes the offender—as Ellis did—to "file a motion in the sentencing court to correct any error made in making a determination" of jail-time credit "at any time after sentencing." *Id.* If the sentencing court changes the number of days of jail-time credit that are applicable to the offender, the entry granting the change must be delivered to ODRC without delay. *Id.* In this case, the trial court and ODRC followed the dictates of the statute: the trial court granted additional jail-time credit in its August 2021 entry and ODRC applied that additional credit to its overall calculation of Ellis's confinement time.

{¶ 12} Significantly, these types of proceedings do not affect the offender's judgment of conviction. The General Assembly expressly provided that the correction of a sentencing court's previously inaccurate determination of jail-time credit "is not grounds for setting aside the offender's conviction or sentence and does not otherwise render the sentence void or voidable." R.C. 2929.19(B)(2)(g)(iv).

{¶ 13} Moreover, Ellis's reliance on ODRC Policy No. 52-RCP-01 as a source of a purported legal duty that is enforceable in mandamus is misplaced. Ellis relies on the provision requiring that a prison's record officer "[r]eview the

commitment papers to ensure they are valid and accurate" and stating that "[i]f inaccuracies exist, the individual shall not be accepted, and the committing court shall be contacted immediately." Ellis does not explain why this policy applies to him; on its face, it applies only to procedures related to newly committed offenders. Nor does Ellis explain how this policy would entitle him to a "resentencing" in the trial court, which is what he apparently wants. Regardless, Ellis cannot rely on ODRC Policy No. 52-RCP-01 to obtain his requested relief. An internal policy of ODRC does not create a legal duty enforceable in mandamus. *State ex rel. Shie v. Ohio Adult Parole Auth.*, 167 Ohio St.3d 450, 2022-Ohio-270, 194 N.E.3d 320, ¶ 11.

## CONCLUSION

{¶ 14} Ellis did not establish his entitlement to a writ of mandamus. We therefore affirm the Tenth District Court of Appeals' judgment.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DEWINE and DETERS, JJ., not participating.

_____

James P. Ellis, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for appellee.

_____

6