[Cite as *State ex rel. Kerby v. Austintown Twp.*, 2025-Ohio-1671.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Christopher Kerby, | : | |
| Relator, | : | |
| v. | : | No.  24AP-384 |
| Austintown Township et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on May 8, 2025

**On brief:** *Schiavoni, Schiavoni, Bush & Muldowney*, and *Shawn R. Muldowney*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Daniel G. Schumick*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

BEATTY BLUNT, J.

{¶ 1}  Relator, Christopher Kerby, has filed this original action in mandamus seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission") to issue a new order finding Kerby is entitled to a reconsideration of the start date for permanent total disability compensation.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate found Kerby has not demonstrated the commission erred by failing to apply the waiver provision contained in Adm.Code 4121-3-34(C)(10). The magistrate also found Kerby has not shown how the internal policy of the commission, as contained in Memo G1, results in a legal duty enforceable through mandamus, and that mandamus

will not lie to correct only the improper application of Memo G1 alone.  The magistrate further found that even if Memo G1 was to be considered, Kerby has not demonstrated that the staff hearing officer erred in applying it. Accordingly, the magistrate recommended this court deny Kerby's request for a writ of mandamus.

**{¶ 3}**   No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

**{¶ 4}**   Upon review, we have found no error in the magistrate's findings of fact or conclusions of law or other defect evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that Kerby has not shown he is entitled to a writ of mandamus and therefore deny his request for same.

*Writ of mandamus denied.*

EDELSTEIN and DINGUS, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Christopher Kerby, | : | |
| Relator, | : | |
| v. | : | No. 24AP-384 |
| Austintown Township et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 19, 2025

*Schiavoni, Schiavoni, Bush & Muldowney*, and *Shawn R. Muldowney*, for relator.

*Dave Yost*, Attorney General, and *Daniel G. Schumick*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 5} Relator Christopher Kerby seeks a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to issue a new order finding Kerby is entitled to a reconsideration of the start date for permanent total disability compensation. For the following reasons, the magistrate recommends denying Kerby's request for a writ.

## I. Findings of Fact

{¶ 6} 1. Kerby was injured on September 2, 2014 in the course of and arising out of his employment as a firefighter with respondent Austintown Township. Kerby's claim was ultimately allowed for the following conditions: Lumbosacral strain; substantial aggravation of pre-existing spinal stenosis L4-L5; substantial aggravation of pre-existing mood disorder with mixed features; substantial aggravation of pre-existing spinal stenosis

at L3-L4 and L5-S1; failed back syndrome L4-S1; medial meniscal tear left knee; deep vein thrombosis left lower extremity; substantial aggravation of pre-existing degenerative joint disease left knee.

{¶ 7} 2. Kerby filed an IC-2 application for permanent total disability compensation dated November 14, 2023. Kerby's application was supported by the December 15, 2022 report of John L. Dunne, D.O., and November 14, 2023 report of Seth Rainwater, Psy.D.

{¶ 8} 3. The commission referred Kerby for both physical and psychological examinations. In a report dated January 26, 2024, Joseph Appollo, Ph.D., found that Kerby was not able to work in any capacity based on a psychological evaluation. In a report dated February 3, 2024, Stephen P. Gilbert, M.D., found Kerby incapable of work in any capacity with regard to the allowed physical conditions.

{¶ 9} 4. A commission staff hearing officer issued a tentative order on February 16, 2024. Based on review of the evidence in the claim file, the staff hearing officer granted Kerby's application for permanent total disability compensation. The staff hearing officer awarded permanent total disability compensation "based on the allowed conditions from [January 26, 2024], which is the earliest date of the report of Joseph Appollo, Ph.D., upon which the Staff Hearing Officer has relied." (Stip. at 17.) The staff hearing officer found Kerby was unable to perform any sustained remunerative employment solely as a result of the impairment caused by the allowed conditions in the claim, and declined to address nonmedical disability factors.

{¶ 10} 5. In a C-230 authorization to receive workers' compensation payment form dated February 16, 2024, Kerby authorized the Bureau of Workers' Compensation ("bureau") to mail directly to his attorney the permanent total disability compensation awarded under the February 16, 2024 tentative order. (Oct. 2, 2024 Supp. Stip. at 54)

{¶ 11} 6. In an order mailed March 19, 2024, a staff hearing officer granted an IC-32-A application for lump sum payment of attorney fees filed by Kerby on March 12, 2024.

{¶ 12} 7. On April 8, 2024, counsel for Kerby filed a C-86 motion requesting that the start date for permanent total disability compensation be amended to July 24, 2023, which was stated to be the date of last payment of temporary total disability compensation.

{¶ 13}  8. On April 10, 2024, counsel for Kerby filed another C-86 motion requesting that the start date for permanent total disability compensation be amended to July 24, 2023. Attached to the motion were two reports: the December 15, 2022 report of Dr. Dunne and November 14, 2023 report of Dr. Rainwater.

{¶ 14}  9. In a letter dated April 12, 2024, the bureau referred the claim to the commission for a hearing on relator's request to change the start date for permanent total disability compensation.

{¶ 15}  10. On May 8, 2024, a different staff hearing officer from the staff hearing officer who issued the February 16, 2024 tentative order held a hearing on Kerby's April 10, 2024 motion. The staff hearing officer issued an interlocutory advisement order taking the matter under consideration on May 11, 2024. The staff hearing officer stated that the matter was taken under advisement to "further consider the application of Policy Memo G1 of the Adjudications Before the Industrial Commission and Ohio Adm.Code 4121-3-34(C)(6)(a)(i)." (Emphasis omitted.) (Stip. at 11.)

{¶ 16}  11. On May 14, 2024, the staff hearing officer who held the hearing on May 8, 2024 issued an order denying Kerby's April 8 and 10, 2024 motions. The staff hearing officer found the motions were not timely filed within the required 30-day period following the issuance of the February16, 2024 tentative order granting permanent total disability compensation. The staff hearing officer indicated the order was based upon the February 16, 2024 order granting permanent total disability compensation, the February 16, 2024 C-230 authorization to receive workers' compensation payment form, Adm.Code 4121-3-34(C)(6)(a)(i), and Memo G1 of Adjudications Before the Industrial Commission.

{¶ 17}  12. Kerby, through counsel, filed a request for reconsideration of the May 8, 2024 interlocutory advisement order.

{¶ 18}  13. The commission denied Kerby's request for reconsideration on June 12, 2024.

{¶ 19}  14. Kerby filed his complaint for writ of mandamus on June 20, 2024.

{¶ 20}  15. The parties filed stipulated evidence on August 16, 2024. The parties supplemented the record on October 2, 2024 and December 3, 2024.

## II. Discussion and Conclusions of Law

{¶ 21} Kerby seeks a writ of mandamus ordering the commission to reconsider the start date for his permanent total disability compensation.

### A. Requirements for Mandamus

{¶ 22} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, Kerby must establish a clear legal right to the requested relief, that the commission has a clear legal duty to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A writ of mandamus will issue where "there is a legal basis to compel the commission to perform its clear legal duty under the law, including when the commission has abused its discretion in carrying out its duties." *State ex rel. Belle Tire Distribs. v. Indus. Comm.*, 2018-Ohio-2122, ¶ 25. "Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion." *State ex rel. Mobley v. Indus. Comm. of Ohio*, 78 Ohio St.3d 579, 584 (1997). Additionally, a writ of mandamus " 'may issue against the Industrial Commission if the commission has incorrectly interpreted Ohio law.' " *State ex rel. Cassens Corp. v. Indus. Comm. of Ohio*, 2024-Ohio-526, ¶ 10, quoting *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65 (1975).

### B. Analysis

{¶ 23} Kerby asserts the commission erred and abused its discretion for two reasons. First, Kerby asserts that, in denying Kerby's request to modify the start date of permanent total disability compensation, the staff hearing officer misapplied Adm.Code 4121-3-34(C)(6)(a)(i) and failed to address Adm.Code 4121-3-34(C)(10).

{¶ 24} Adm.Code 4121-3-34 sets forth administrative procedures for the processing and adjudication of applications for permanent total disability compensation. With regard to the issuance of a tentative order, the rule provides as follows:

> After the reports of the commission medical examinations have been received, the hearing administrator may refer the claim to an adjudicator to consider the issuance of a tentative order, without a hearing.

(i) Within fourteen days of the receipt of the tentative order adjudicating the merits of an application for compensation for permanent total disability, a party may file a written objection to the order. Unless the party notifies the commission in writing of the objection to the tentative order within fourteen days after the date of receipt of the tentative order, the tentative order shall become final with regard to the award of permanent total disability compensation. A party may file a written request to change the start date or allocation of permanent total disability compensation **within thirty days of the receipt of the tentative order** adjudicating the merits of an application for compensation for permanent total disability.

(ii) In the event a party makes written notification to the industrial commission of an objection within fourteen days of the date of the receipt of the tentative order, the application for compensation for permanent total disability shall be set for hearing.

(Emphasis added.) Adm.Code 4121-3-34(C)(6)(a). Under Adm.Code 4121-3-34(C)(10), the time frames contained in Adm.Code 4121-3-34(C) are permitted to be "waived by mutual agreement of the parties by motion to a hearing administrator, except where otherwise specified."

{¶ 25} Initially, it is noted that Kerby does not argue that his April 8 and 10, 2024 motions requesting an adjustment of the start date for permanent total disability compensation were timely filed within the 30 days of the receipt of the tentative order as required by Adm.Code 4121-3-34(C)(6)(a)(i). On the February 16, 2024 C-230 authorization to receive workers' compensation payment form, Kerby specifically indicated that the authorization was made with regard to the tentative order issued on the same day. Thus, the record reflects Kerby received the tentative order on February 16, 2024.

{¶ 26} Kerby argues the commission erred by not applying Adm.Code 4121-3-34(C)(10) because the "[bureau] attorney who attended the hearing on May 8, 2024 was/is agreeable to waive the timeframes" under Adm.Code 4121-3-34(C). (Kerby's Brief at 5-6.) There is no evidence in the record that the bureau, or its counsel, agreed to waive the time frames mandated by Adm.Code 4121-3-34(C). Kerby's April 8 and 10, 2024 motions do not reflect evidence of waiver. There is also no evidence that respondent Austintown Township, which did not respond to or otherwise participate in these proceedings, agreed to such a waiver. Kerby's counsel did argue in the request for reconsideration before the commission

that the bureau, through its attorney, was agreeable to waive the time frames required under Adm.Code 4121-3-34(C). However, the arguments in that motion and in Kerby's brief in this matter are not evidence. *Corp. Exchange Bldgs. IV & V, Ltd. Partnership v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 299 (1998) ("[S]tatements of counsel are not evidence."). Kerby has not demonstrated the commission erred by failing to apply the waiver provision contained in Adm.Code 4121-3-34(C)(10).

{¶ 27} Next, Kerby asserts the staff hearing officer erred in citing Memo G1 of Adjudications Before the Ohio Industrial Commission ("Memo G1"). Memo G1, citing to *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481 (1983), provides as follows:

> 1. If a written request for readjustment of a starting date and/or a written request for reallocation of a permanent total disability award from an order issued by a staff hearing officer is filed, within 30 days of the receipt of that order, such request is to be referred to the hearing administrator. Every request for adjustment of the permanent total disability starting state and/or reallocation of the permanent total disability award shall be accompanied by an explanation supporting why such relief should be granted and the evidence relied upon to support the request.
>
> 2. The hearing administrator is to make initial contact of the requesting party's representative as well as the opposing party's representative to determine whether the request for adjustment of the permanent total disability starting date and/or reallocation of the permanent total disability award is uncontested or contested.
>
> If the opposing parties and the Bureau of Workers' Compensation in state fund claims do not contest the request for adjustment of the permanent total disability starting date and/or reallocation of the permanent total disability award and the staff hearing officer is in agreement with the request, the staff hearing officer that issued the order awarding permanent total disability compensation is to issue an order that conforms to the requirements of *Mitchell*.
>
> If the hearing administrator finds the request is contested, or the staff hearing officer after review determines the requested relief is not appropriate, the request is to be scheduled for hearing before a staff hearing officer. This hearing is limited to only the issue that is being placed into controversy, whether it is readjustment of the permanent total disability starting date or reallocation of the permanent total disability award. The staff hearing officer is not to reconsider the merits of the

> original determination that the injured worker is permanently and totally disabled.

(Dec. 3, 2024 Supp. Stip. at 54.) Kerby argues that because there "was a mutual agreement that the reallocation of permanent total disability benefits should be granted by [Kerby's] counsel and the [bureau] attorney which attended the hearing," under Memo G1, the matter should have been referred to the staff hearing officer who issued the tentative order granting permanent total disability compensation. (Kerby's Brief at 7.)

{¶ 28} Before considering the substance of Kerby's argument, the magistrate notes that this argument is based on a commission memo, not a legislative enactment or a provision of the administrative code adopted pursuant to a legislative mandate. The creation of a duty enforceable in mandamus is the distinct function of the legislative branch of government. *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3 (1992). "An internal policy of an agency does not create a legal duty enforceable in mandamus." *State ex rel. Shie v. Ohio Adult Parole Auth.*, 2022-Ohio-270, ¶ 11. Kerby has not shown how the internal policy of the commission, as contained in Memo G1, results in a legal duty enforceable through mandamus. For this reason, mandamus will not lie to correct only the improper application of Memo G1 alone. *See generally Sachdeva v. Conrad*, 2001-Ohio-4055, 2001 Ohio App. LEXIS 4842, *8, fn. 2 (10th Dist. Nov. 1, 2001) (noting the commission had referred to the common law fraud elements in a commission policy contained in a memo, but stating that there was no requirement to apply the elements contained in the memo while the commission was "carrying out their duty mandated by the legislature" to apply the terms of the controlling statute).

{¶ 29} Even if Memo G1 was to be considered, however, Kerby has not demonstrated that the staff hearing officer erred in applying it. Memo G1 echoes the filing requirement under Adm.Code 4121-3-34(C)(6)(a), providing that "[i]f a written request for readjustment of a starting date and/or a written request for reallocation of a permanent total disability award from an order issued by a staff hearing officer is filed, **within 30 days of the receipt of that order**, such request is to be referred to the hearing administrator." (Emphasis added.) (Dec. 3, 2024 Supp. Stip. at 54.) Thus, Memo G1 makes plain that it applies when the time requirement under Adm.Code 4121-3-34(C)(6)(a) has been met. That is not the case here. As a result, Kerby has not shown the staff hearing officer

misapplied Memo G1 such that the commission has a clear legal duty to provide the requested relief.

{¶ 30} Kerby also argues that the staff hearing officer did not adequately explain "why he was not relying upon the specific sections of statute that mandated the matter to be heard by the original Staff Hearing Officer which granted permanent total disability" or "why the waiver of the 30-day statutory period as mutually agreed between the parties was not honored." (Kerby's Brief at 8.) "In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991), paragraph one of the syllabus. The commission's orders in this case contain adequate reasoning explaining the decision. The staff hearing officer explained that Kerby's motions seeking an adjustment of the start date for permanent total disability were "not timely filed within the required thirty-day time period following the receipt of the Permanent Total Disability Tentative Order." (Stip. at 9.) Though Kerby states that "specific sections of statute" mandated the matter to be heard by the staff hearing officer who issued the tentative order, no authority is provided for this assertion of a statutory mandate. (Kerby's Brief at 8.) Memo G1 directs the "staff hearing officer that issued the order awarding permanent total disability compensation" to issue an order in compliance with *Mitchell* under certain circumstances. (Dec. 3, 2024 Supp. Stip. at 54.) However, as previously discussed, those circumstances are not present in this matter. Furthermore, as Kerby has not provided evidence demonstrating the parties mutually agreed to a waiver under Adm.Code 4121-3-34(C)(10), the commission did not abuse its discretion by not specifically addressing such a waiver.

## C. Conclusion

{¶ 31} For the foregoing reasons, the magistrate finds Kerby has not demonstrated a clear legal right to the requested relief or that the commission is under a clear legal duty to provide it. Accordingly, it is the decision and the recommendation of the magistrate that Kerby's request for a writ of mandamus be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.